**MARTIN et al. v. TEXAS & PACIFIC RY. CO.**

**No. 2704.**

Court of Civil Appeals of Texas. El Paso.

Sept. 22, 1932.

Rehearing Denied Oct. 27, 1932.

Lee R. Stroud and E. P. Bryan, both of Dallas, for appellants.

Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

PELPHREY, C. J.

Prior to November 11, 1872, Terrell and Sele Martin owned as their homestead a certain tract of land in Dallas, Tex., being part of an acre theretofore purchased by them from John J. and Susan A. Good.

On that date Terrell and Sele Martin executed the following deed:

"Know All Men By These Presents: That Terrell Martin and Sele Martin, his wife, of the County of Dallas, in the State aforesaid, in consideration of the sum of Four Hundred and fifty Silver Dollars to us paid by Littlefield & Thompkins, J. E. Hawkins, Adams & Leonard, L. Elliott & others, as per list of the County of Dallas, State of Texas, the receipt whereof is hereby acknowledged, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the Texas and Pacific Railroad Co. for Depot purposes and uses, all that tract of land in the City of Dallas, being part of an acre sold to us by John J. and Susan A. Good, bounded as follows, viz: (Here follows description by metes and bounds, concluding-) Thence N. 45E with said S. E. line, 90 feet to the beginning, the same to be permanently. used by said R. R. Co. for Depot purposes, on the Pacific Av. route through Dallas.

"Together with all and singular the Rights, Members, Hereditaments and Appurtenances to the same belonging, or in anywise incident or appertaining.

"To Have and To Hold, all and singular the premises above mentioned unto the said Texas and Pacific R. R. Co., their heirs and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said company, their heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof."

Terrell and Sele Martin both died intestate; Terrell in February, 1886, and Sele in December, 1891.

On September 13, 1923, Deck Martin and Charles Rodgers, as the only heirs of Terrell and Sele Martin, filed this suit in the district court of Dallas county against the grantee named in said deed to recover the land therein described, and rents. The cause was submitted to a jury, and, upon its answers to special issues, judgment was rendered that appellants take nothing, and adjudging to appellee full fee title and possession as against appellants.

From that judgment, this appeal is prosecuted.

Opinion.

Appellants' propositions 1, 3, and 4, read:

"Proposition No. 1: The words 'for depot purposes and uses'—being immediately included in and a part of the granting clause of the deed should be held to indicate what was granted."

"Proposition No. 3: The words 'for depot purposes and uses'—not being any promise or covenant to build or maintain a depot, and being of no legal force whatever, unless to indicate what was intended to be granted, should be held to indicate a grant of easement rather than to have no legal effect whatever."

"Proposition No. 4: The words 'for depot purposes and uses—being immediately included in a part of the granting clause, and not expressing a promise (covenant) to build a depot or to do anything; and being without legal force or effect, except to show the grant of an easement, should be so construed rather than to be held meaningless."

It will be seen that the substance of the above propositions is that the deed upon its

face conveys only an easement and not the fee.

In support of their contention, appellants, among other authorities, cite Stanbery et al. v. Wallace et al. (Tex. Com. App.) 45 S.W.(2d) 198, 199, and West Texas Utilities Co. v. Lee (Tex. Civ. App.) 26 S.W.(2d) 457.

Appellee, in support of its contention that the granting clause conveys the fee, cites, also, Stanbery v. Wallace, and in the alternative asserts that the deed in question conveys the fee, modified, however, by the covenant for user, which covenant is automatically canceled where, as here, after a long lapse of years, superior public interest forbids the exercise of such covenant.

In the Stanbery Case, the Commission of Appeals, in discussing a deed to certain lots in the town of Coleman, Tex., said: "It will be observed that the granting clause of the deed under consideration does not purport to grant over this land a right of way for street purposes, but that it conveys the land itself. It is true such clause is followed by a recital restricting the use of the land to street purposes. Such restriction, however, does not operate to limit the grant to a mere easement, as it is generally held that, if the granting clause conveys a fee title to the property, subsequent recitals, which merely limit the use to which the same may be put, do not restrict the conveyance to an easement."

The court further, in its discussion, distinguished the case under consideration from the case of West Texas Utilities Co. v. Lee (Tex. Civ. App.) 26 S.W.(2d) 457, using this language:

"Our conclusion that the deed in question conveyed the title to the property and not an easement in no way conflicts with the decision of the Court of Civil Appeals in the case of West Texas Utilities Co. v. Lee, cited supra. The granting clause of the deed there under consideration was as follows:

" 'Have bargained, sold and conveyed and by these presents do bargain, sell and convey unto the County of * * * State of Texas for road and watering purposes, all of the following described tracts,' etc.

"The distinction between the Lee Case and this one is obvious. In the former, the granting clause of the deed involved did not convey the land, with subsequent language restricting the use to which the same might be put. It only purported to convey 'for road and watering purposes' the land described.

Here the granting clause conveys without limitation the land itself which is followed by a recital restricting the use of the land conveyed to street purposes."

It will be noted that the deed here involved, like the one in the Lee Case, did not convey the land with subsequent language restricting its use, but only purported to convey "for depot purposes and uses" the land in question, and it is our opinion that the same distinction appears between the Stanbery Case and the case at bar as there was between that case and the Lee Case.

█ We have reached the conclusion that the deed upon its face conveyed only an easement, and that the contention of appellee that the deed vested the fee in it, with a covenant of user, is untenable.

█ If the deed conveyed only an easement, then the existence of a public necessity could not operate to increase the grant.

If there be any doubt as to the language of the deed itself only conveying an easement, the facts surrounding its execution are abundant to show that only an easement was intended to be conveyed. It is undisputed that an offer had been made to the Martins to sell the property, which they had refused, and that condemnation proceedings had been threatened, and nothing appears which tends to show that they ever changed their intention as to a sale of the property. It does appear from a reading of the record, however, that they, after much persuasion, agreed to transfer such an interest in the land as would have been acquired by appellee in a condemnation suit.

Appellee's cross-assignments have been considered and found without merit.

██ After a careful consideration of the whole record, we have concluded that the judgment of the trial court must be reversed, and judgment here rendered for appellants for the land sued for, and rental value thereof from January, 1922, when the use of the land for depot purposes was abandoned by appellee.

Appellants in their pleadings tendered a return of the $450 paid by appellee, with interest, and have paid same into the registry of the court, and in their motion for judgment requested the court to award the same to appellee. In view of this condition of the record, the sum so tendered is ordered paid to appellee.

Reversed and rendered.