## TEXAS & P. RY. CO. v. VAUGHAN et al.
### No. 11431.

Court of Civil Appeals of Texas. Dallas.
May 26, 1934.

Rehearing Denied June 30, 1934.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Coker, Rhea & Vickrey, of Dallas, and Travis E. Baker, of San Angelo, for appellees.

JONES, Chief Justice.

This suit was instituted in a district court of Dallas county by H. F. Vaughan, Thomas Bowles, and A. D. Bell, as plaintiffs, against the Texas & Pacific Railway Company, Nan Malone, and the unknown heirs of Nan Malone, Betty Phaup, and the unknown heirs of Betty Phaup, Sarah Smith, and the unknown heirs of Sarah Smith, as defendants, to recover title to and possession of a small tract of real estate described in the petition as a part of what is known as the old Texas & Pacific depot grounds in the city of Dallas. All of the defendants, except the Texas & Pacific Railway Company, were duly cited by publication, and an attorney was appointed by the court to represent them. The plaintiffs in the suit and the defendants cited by publication are the admitted owners of the land in question, provided the hereinafter quoted instrument did not divest Thomas Bowles and Sue Bowles, deceased husband and wife, of their title to the land. Judgment was entered in favor of appellees, declaring the interest in the land of each of the plaintiffs and the defendants cited by publication, and divesting the Texas & Pacific Railway Company of any interest or title therein.

The instrument of conveyance, under which all parties claim title, and under a construction of which the court entered judgment, is:

"That we, Thomas Bowles and Sue Bowles, his wife, of the County of Dallas, in the State aforesaid, in consideration of the sum of Four Hundred and Fifty Gold Dollars, to us paid by Adams & Leonard, J. W. Downer and other contributions as per list filed, of the County of Dallas, State of Texas, the receipt whereof is hereby acknowledged, have bargained, sold and released and by these presents so grant, bargain, sell and release unto the Texas & Pacific Railroad Company, for depot ground in the City of Dallas, all that tract of land described as follows: Beginning at the East corner of an acre of ground sold by John J. Good and wife to Terrell Martin, a negro man; Thence N. 42½ W. with the N. E. line of said acre 100 ft.; Thence S. 45 W. parallel to Swiss Street 104½ ft.; Thence S. 42½ E. 100 ft.; Thence N. 45 E. with the S. E. line of said acre 104½ ft. to the beginning, the same being the East portion of said acre hereby conveyed to said Texas & Pacific Railroad Co. to be permanently used for depot purposes, in the City of Dallas, such as warehouses, passenger platforms, yd. switches, turnout or whatever pertains to a railroad depot, together with all and singular the rights, members, here-

ditaments and appurtenances to the same belonging or in anywise incident or appertaining.

"To have and to hold all and singular the premises above mentioned unto the said Texas & Pacific R. R. Co., their heirs and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said T. & P. R. R. Co., their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof."

The instrument was executed by Thomas Bowles and his wife, Sue Bowles, and duly acknowledged November 18, 1872. The specific contention of appellees is that the phrase "for depot grounds in the City of Dallas," and the phrase "to be permanently used for depot purposes in the City of Dallas, such as warehouses, passenger platforms, yd. switches, turnouts or whatever pertains to a railroad depot," used in the granting clause of the deed, make it a mere easement deed, or a deed with a condition, ending appellant's interest in the land when use of it for such purposes ceased, and that, as the property in issue was permanently abandoned in 1918 for depot purposes, or for anything pertaining to such purpose, the ownership of the land in question reverted to the grantors, their heirs and assigns.

On the other hand, appellant contends that, as the habendum clause recites "To have and to hold all and singular the premises above mentioned unto the said Texas & Pacific R. R. Co., their heirs and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said T. & P. R. R. Co., their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof," the instrument is a warranty deed, and that appellant railway company was granted a fee-simple title to the land by such instrument.

The trial court construed the instrument in question only as granting an easement, or a conditional conveyance to appellant, and, as under the undisputed evidence, the property

has been abandoned for depot purposes for a number of years, appellant's right to the use of the land had ended, entered the judgment above described.

Previous to this judgment by the trial court, another case, involving practically the same instrument, and in which another parcel of land, being part of the same depot grounds, had been tried and judgment entered in favor of the railway company, holding the instrument to be a warranty deed; an appeal was perfected to this court, the cause transferred to the El Paso Court of Civil Appeals, and the judgment of the trial court reversed and the cause rendered in favor of the claimants, divesting the Texas & Pacific Railway Company of any interest in the land. This judgment of the El Paso Court of Civil Appeals was rendered February 22, 1932, and is reported in 53 S.W.(2d) 514, styled, Martin et al. v. Texas & Pacific Railway Company, and a rehearing denied October 27, 1932. The judgment of the trial court in the instant case was rendered November 30, 1932, and it was, doubtless, because of this decision that the trial court rendered the instant judgment.

The Supreme Court granted a writ of error in the Martin Case, and on May 16, 1934, in an opinion by the Commission of Appeals, adopted by the Supreme Court, reversed the judgment of the Court of Civil Appeals and affirmed the judgment of the trial court, the opinion of the Supreme Court in that case being styled Texas & Pacific Railway Company v. Martin et al., and is reported in 71 S.W.(2d) 867 (not yet reported [in State report]). The holding in that case is to the effect that a statement in the granting clause of a deed of conveyance, which states only the purposes for which the property was to be used, does not change the effect of the conveyance from that of a fee-simple title, if the habendum clause contains the usual language of a warranty deed. The opinion of the Supreme Court, in the Martin Case, supra, and the authorities therein cited, are considered conclusive of this case, and under such authorities it becomes our duty to reverse and render this case in favor of appellant, and it is so ordered.

Reversed and rendered.