## R. A. MACFIE *vs.* H. HACKFELD & CO.

### ASSUMPSIT.    BEFORE JUDD, C.J.

### MARCH, 1885.

Contracts of sale of a sugar plantation construed to mean that all indebtedness of the plantation, prior to July 1st, 1883, was to be assumed by defendants: and plaintiff held entitled to recover back all of such amount paid by him on plantation account.

### DECISION OF JUDD, C.J.

The plaintiff, who is a resident of Dreghorn, Scotland, claims of H. Hackfeld, P. Isenberg, H. W. Schmidt, H. F. Glade, J. F.

Hackfeld and J. C. Pfluger, doing business at Honolulu under the firm name of H. Hackfeld & Co., the sum of $8,165.77 for so much money had and received by defendants to plaintiff's use, according to an account annexed to the complaint.

The defendants plead the general issue.

The plaintiff introduced in evidence, upon which his case is founded, a proposition in writing dated London, July 21, 1883, from J. C. Pfluger and Paul Isenberg, of the firm of H. Hackfeld & Co., of Honolulu, to R. A. Macfie, and accepted by him, in which the defendants offer to sell to Macfie all their interest of every sort in the "Kilauea Sugar Company" and current account, "including all debts due us by your son Robert (R. A. Macfie, Jr.)" as these stood on the 1st instant, for the sum of $150,000, &c. Among other things the agreement recites, "Your acceptance of the foregoing hands over to you the 151 shares now held by us, and the leasehold interest appertaining to the half-moiety acquired by your son, and releases the 'Macfie holdings,' entirely from all liabilities anterior to July 1st, whether by mortgage or otherwise, so as to give a fresh clean start, which we will do our utmost to make prosperous by our advice or assistance if desired." It further stipulated that "This proceeding is to be communicated to our firm at Honolulu by mail and cable as soon as possible; should, however, our interests have been sold by our firm before the receipt of the cablegram, this transaction will be null and void."

Just before the receipt by the defendants in Honolulu of the cablegram conveying notice of this transaction, they had sold their interests in the Kilauea Sugar Company to Wm. Y. Horner, of Lahaina.

After considerable negotiation extending over some time, Mr. Horner agreed to sell his interest to Mr. Macfie (plaintiff) in order that the firm might carry out the "London agreement." The agreement of sale is dated 10th January, 1884. It stipulates that Horner is to sell to Macfie his interest in the Kilauea Sugar Co., and that in consideration of said sale and of the London agreement, Macfie shall pay to H. Hackfeld & Co., of Bremen,

one hundred and fifty thousand dollars ($150,000) and interest from 1st July, 1883; and Macfie is to pay Horner $25,000, and to H. Hackfeld & Co., of Honolulu, $62,940.02, adding thereto $1,800 or thereabouts, representing the amount of drafts now extant and not yet entered in the account current between the Kilauea Sugar Co. and H. Hackfeld & Co., dated from and after the 1st July, 1883, and subtracting therefrom $6,000 or thereabouts, representing the credit due to the said account for some 1063 bags of sugar received on account by H. Hackfeld & Co., from the Kilauea Sugar Co., and not entered upon account current. It was also agreed that all necessary instruments and releases were to be executed and deposited with Messrs. Bishop & Co., bankers, as an escrow to be delivered to the respective parties upon the payment of the $150,000. Other stipulations appear which it is not necessary to recite, and the agreement closes: "It is lastly agreed that all disputed items in the account current herein mentioned shall be submitted to arbitration, but nothing herein contained shall imply that any of the payments hereunder to be made shall be put off by reason of such disputes, but the same shall be made as though no dispute existed."

On the 15th January, 1884, the formal deed was signed by all the parties—Horner, Macfie, H. Hackfeld & Co., and Macfie, Jr.

The clause bearing upon the question before me is as follows: "And the said parties of the third part (H. Hackfeld & Co.) agree to and with said party of the second part (R. A. Macfie) that the above sale shall take effect as far as they are concerned as of July 1st, A.D., 1883, according to the terms of an agreement made by and between said parties in London, dated July 21st, A.D., 1883, and that all accounts shall be settled as of said July 1st; all sugars which may have been shipped from the plantation of said Kilauea Sugar Co. on or before said July 1st, as well as all sugars which may have been received by said parties of the third part at Honolulu and are not accounted for in their quarterly account of that date, are to go to reduce the balance due them of that date; and all indebtedness and

liabilities of said Kilauea Sugar Company existing anterior to July 1st, A.D., 1883, whether by mortgage or otherwise, are to be assumed and borne by said parties of the third part, and said parties of the third part do hereby assume the same; all amounts which have been advanced by the said parties of the third part to said Kilauea Sugar Company since July 1st, A.D., 1883, for the use of the company, and none other, are to be paid by said party of the second part; and said parties of the third part hereby acknowledge the receipt from said party of the second part of the sum of $62,946.12, being the balance appearing in favor of said parties of the third part on this date as charged in their account current, less sugars received, but said account current and the payment of said last-named sum on account thereof are not to be taken as final, and any disputes arising in regard to said account, or in regard to the transaction covered by this indenture, are to be referred to arbitration," etc.

At the same time Macfie, Sr., and Macfie, Jr., and the Kilauea Sugar Co., by W. Y. Horner (President), released and discharged H. Hackfeld & Co. of all manner of debts, claims, demand and liability whatsoever in law as well as in equity, which they now have or which may hereafter accrue to them respectively by reason of any matter, thing, transaction or business from the beginning of the world to the date of these presents, excepting, however, from this release, such matters pertaining to the book-debt due from the Kilauea Sugar Co. to said H. Hackfeld & Co. from and after the 1st day of July, 1883, and such awards as may hereafter be made between them (H. Hackfeld & Co.) and the undersigned in conformity with a certain contract of sale between parties hereto dated the 15th day of January, 1884.

The plaintiff's bill of particulars is composed mainly of items of indebtedness by the Kilauea Sugar Co. prior to 1st July, 1883, and which were paid by H. Hackfeld & Co., as agents of the company, and in the first instance charged in the accounts current and repaid by Macfie in the settlement of 15th January, 1884, and included in the sum of $62,940. One item will suffice

to illustrate the general character of the transactions. In the account current there is charged as paid by H. Hackfeld & Co., July 10, 1883, draft No. 121, favor of Keaka, for $149.50. This draft was drawn by the manager of the Kilauea Sugar Co., June 30, 1883, favor of Keaka for balance of contract for hauling cane. This is clearly an indebtedness of the Kilauea Sugar Co. existing anterior to July 1st, and is what Messrs. Hackfeld & Co. bound themselves to repay. The language of the deed of January 15 is conclusive on this matter. They covenant that "all indebtedness and liabilities of the Kilauea Sugar Co. existing anterior to July 1st, A.D., 1883, are to be assumed and borne by them, and that they do hereby assume the same." These words are susceptible of but one meaning, and the meaning is not that whatever sums of money have been actually paid by H. Hackfeld & Co. on account of the Kilauea Sugar Co. are to be borne by them, but they mean that H. Hackfeld & Co. agree to assume and bear all the indebtedness of the company existing prior to 1st July. And if Macfie had borne any of these in the amount of $62,940.02, paid by him without prejudice in order to facilitate a settlement of the title of the plantation, he was to have them paid back. The language of the deed is that the payment of $62,940.02 is the balance appearing in favor of Messrs. Hackfeld & Co., but said account current and the payment of said last-named sum on account thereof "are not to be taken as final," and any disputes arising, etc., are to be referred to arbitration. No question is here made of the right of the plaintiff to sue at law to recover these sums in default of submitting the matter to arbitration.

The previous agreement of 10th January between Horner and Macfie, in which H. Hackfeld & Co. join, is not so specific. It would, doubtless, when considered alone, not bear the interpretation that liabilities of the Kilauea Sugar Co. incurred prior to 1st July, 1883, were to be borne by H. Hackfeld & Co., for the payment of $62,940.02 is subject only to correction by adding drafts dated from and after 1st July, 1883, to the amount of $1800 or thereabouts, and by deducting the proceeds of some

1063 bags of sugar, about $6000. The views of the individual members of the firm of H. Hackfeld & Co., who testified as to their understanding of the final agreement, correspond well with the language used in this agreement of January 10. But it was only an agreement to sell and was succeeded by the formal instrument of sale of January 15. This was their final act and must determine the rights of the parties. The language of the deed is plain and unequivocal and free from ambiguity, and must be interpreted by the Court according to its own terms, having no reference to the parol evidence which was offered showing a different understanding by some of the parties.

The release, executed contemporaneously, excepts from its own operation "such matters pertaining to the book-debt due from the Kilauea Sugar Co. to H. Hackfeld & Co., from and after the 1st day of July, 1883, and such awards as may hereafter be made between H. Hackfeld & Co. and Macfie in conformity with the contract of sale of January 15." Thus the right which Macfie reserved to himself in the deed of January 15 to recover sums paid by him in the settlement, being indebtedness of the Kilauea Sugar Co. existing prior to July 1st, 1883, was excepted in the release, and he has not acquitted it to the defendants.

Having no doubt as to the principles of law involved, I think judgment must be entered for the plaintiff for the sum declared on as set forth in the bill of particulars as far as and including the item "Keaka $149.50," in all amounting to $6,729.46.

Of the remaining items, I disallow "error on Invoice December, $75," as being no error; also, item paid Cecil Brown $25, of which there is no proof; also, order No. 119 paid by G. W. Macfarlane & Co., for $40, and not recoverable in an action for money had and received by these defendants.

Interest is allowed at 9 per cent. per annum on all items from time of payment of each to August 1st, 1883, and after this to the 10th January, 1884, at 8 per cent. per annum, this being the interest that was charged to and by the plaintiff in his settlement; and also interest on the whole sum recovered at 9 per

cent per annum from the date of demand, which is July 31st, 1884.

The bill of particulars also claims items amounting to $400, being fees paid to counsel by H. Hackfeld & Co. subsequent to 1st July, 1883, and claimed by plaintiff as being improperly chargeable to the Kilauea Sugar Co. The case was a bill in equity by R. A. Macfie, Jr., vs. Horner and the Kilauea Sugar Co., its object being to compel Horner, as the holder of a debt owing by the Kilauea Sugar Co. of which Macfie was surety, to exhaust his remedies against the Company before resorting to him. The Kilauea Sugar Co. was impleaded and the prayer of the bill was that it might be ordered to give plaintiff indemnity, and be enjoined from selling or disposing of the property until it had provided indemnity, etc. From this statement it is sufficiently plain that the Kilauea Sugar Co. had a substantial interest to defend and which required the aid of counsel. As I find that the expenditure for counsel was in the interest of the Kilauea Sugar Co., I disallow these items.

Judgment as above.

*F. M. Hatch,* for plaintiff.

*Paul Neumann and Smith & Thurston,* for defendants.

Honolulu, March 11th, 1885.