BERKLEY *v.* UNION PAC. RY. CO.

*(Circuit Court, D. Colorado. January 13, 1888.)*

DEED—UPON CONDITION—BREACH—REVERSION.

Where land is conveyed upon consideration that a railroad company is to "locate, erect, and maintain" upon the land its depot, and in pursuance of the conveyance the depot is erected and maintained for 11 years, and then is removed, the land does not revert. It is only a failure of part of the consideration, entitling the grantor to his action at law therefor.

In Equity. On demurrer to bill.

Action by Berkley, plaintiff, against the Union Pacific Railway Company, defendant, to recover possession of land.

*Browne & Putnam*, for complainant.

*Teller & Orahood*, for defendant.

BREWER, J. This is a bill in equity to which a demurrer has been filed, and the question submitted is on that demurrer. The bill alleges that the complainants' ancestor was the owner of a tract of land in the vicinity of Boulder, which had been laid off into lots and blocks; that, in order to enhance the value of that addition, he conveyed a tract of a few acres to the Denver City & Boulder Railroad Company, of which

the present defendant is the successor in interest, the consideration of which conveyance was the promise of the railroad company to locate, erect, and maintain its depot on the land conveyed. This was in 1872. It alleges that the railroad company did erect and maintain its depot there until 1883,—11 years,—when it changed its depot, and put it about three-quarters of a mile away; whereupon they claim that the consideration has failed, that therefore the conveyance also falls, and that they should be restored to the title and possession of the property. It is alleged that this contract or promise on the part of the railroad company was the consideration of the deed, it containing the following clause, namely: "As a part consideration, the party of the second part is to locate, erect, and maintain upon the grounds hereinbefore described, its depot for the transaction of its business in the town of Boulder." Then, after alleging that there was a money consideration of one dollar specified, the bill avers that it was not in fact paid, and was not a real consideration, the solitary consideration being the said promise of the railroad company. Now counsel insists that this is a condition subsequent, which, having failed, the title reverts. I think not. The erection and maintenance of the depot is stated to be a consideration, a consideration perhaps in the nature of a condition subsequent; but the conveyance does not purport to be one upon condition that the grantee will perform, but it is a conveyance in consideration of its promise to erect and maintain. That consideration it has partially performed; for 11 years it has maintained its depot there, although it may be and is, according to the language of the bill, true that it has not paid all the consideration,—that it has not permanently or up to the present time continued its depot there. Under those circumstances, where there is a part performance,—a part payment,—the title does not revert. There may be a cause of action for damages; but the title does not revert upon a mere partial failure of the consideration.

The demurrer to the bill will be sustained and the bill dismissed.