## OLIVE v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

### 8 Div. 529.

Supreme Court of Alabama.
Nov. 23, 1933.

Howze & Brown, of Birmingham, and Andrews, Peach & Almon, of Sheffield, for appellee.

BOULDIN, Justice (after stating the facts as above).

In so far as the special replications, to which demurrers were sustained, denied that the plaintiff made the written application for the policy as theretofore drawn and forwarded to the agent, paid the premium on and for that policy, and .the same thereupon became of force and continued until it expired by its terms, all such matters were within the issue joined on the pleas.

The gravamen of these pleas was that the insurance policy, naming the wife as beneficiary, was accepted and paid for at the time the belated written application was signed, stipulating for a policy so written as to the beneficiary; and that the plaintiff has received the consideration for the money paid, namely, insurance in force.

The special replications deny these allegations. They could not be sustained except by evidence which would overcome the pleas.

Sustaining demurrers to the replications was therefore without injury to plaintiff as to these controlling facts.

A. A. Williams and Almon & Almon, all of Florence, for appellant.

■ The further allegations in the replications designed to overcome the effect of the written application cannot be classed as misrepresentations inducing the plaintiff to enter into the transaction.

■ Misrepresentations inducing a contract may be of two classes: First, false statements touching the subject-matter; second, false statements as to the contents of the document which one is induced to sign without reading.

The alleged misrepresentations here set up are neither.

■ It is not claimed the application was signed without knowledge of the beneficiary clause which the policy was to contain.

To the contrary, such knowledge is admitted, but it is alleged that at the time, and in the same transaction, a verbal agreement was had with the agent for another and different beneficiary clause.

It is an ordinary case of seeking to contradict and vary the terms of a valid written instrument by parol evidence. We need not repeat what has often been emphasized touching the salutary effect of this rule of law.

To permit parol evidence of matters here alleged would be to break down the safeguards of the law and render the written memorials of transactions of little avail.

We need not rest our decision on the clause in the signed application expressly negativing any other or different agreement, made the basis of decision in Blanks v. Moore, 139 Ala. 624, 36 So. 783, and Miles v. Sledge, 157 Ala. 528, 47 So. 595.

We may add that, if the special pleas had been proven, the policy being put in force, the right to change the beneficiary was reserved to the insured by the same application, and would be governed by the terms of the policy issued in keeping therewith.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.