## LOUISVILLE & N. R. CO. v.
## PIERCE et al.

Court of Appeals of Kentucky.
February 6, 1953.

———◆———

J. P. Hamilton, H. T. Lively, J. L. Lenihan and James P. Helm, Jr., Louisville, for appellant.

Joseph M. Hayse and Nellie S. Hayse, Louisville, for appellee.

DUNCAN, Justice.

This appeal marks the second appearance of this case before this Court. Upon the first appeal, a judgment which required appellant to enlarge an existing underpass for the use of appellees was reversed. Louisville & Nashville R. Co. v. Pierce, 313 Ky. 189, 230 S.W.2d 430, 17 A.L.R.2d 1244. There, it was held that appellant's charter obligation with reference to constructing crossings where its railroad traversed the land of another was not applicable to the track crossing appellees' land which is operated under a lease from the Louisville, Henderson, and St. Louis Railroad Company. On other questions presented by that appeal, it was expressly held that appellant was required to perform the provisions of a deed executed by appellees' ancestors in title to Louisville, St. Louis, and Texas Railroad Company, dated October 27, 1892, which provides in part:

"Said railway is to make two passways for cattle under or across said railroad on Moremen's farm."

After the mandate was filed, the lower court, upon the testimony previously heard, entered a judgment requiring appellant to forthwith construct a passway for cattle under its railroad at a point adjacent to and immediately north of the present underpass with a clearance in width and height not less than the present underpass as originally constructed. Appellant necessarily concedes its obligation to construct a passway but insists that it has the right to choose whether the passway shall be over or under its tracks. No other complaint is made in respect to the location of the proposed passway. Appellees, on the other hand, insist that under the circumstances disclosed by the record a passway under the tracks is the only feasible means of providing access to water located on the west side of the tracks for stock pastured on the east side.

 As was pointed out in the opinion on the first appeal, the deed in question conveyed a fee to the railroad and reserved to the Moremens an easement across the railroad's line with an affirmative covenant on the part of the railroad to construct two passways for cattle. Generally, the rule has been established that if an easement is granted or reserved in general terms which do not fix its location the owner of the servient estate has the right in the first instance to designate the location of the easement. The right, however, must be exercised in a reasonable manner with due regard to the rights of the owner of the dominant estate. 17 Am.Jur., p. 687, § 86, Easements. We think the rule is applicable here, and we conclude that the railroad company has the choice of determining whether the cattle crossing shall be located across or under its tracks, providing its choice is not unreasonable as it affects the rights of the appellees. This conclusion requires a determination of whether a cattle crossing across the tracks is unreasonable when viewed in the light of the facts disclosed by the record.

Appellees' farm consists of 445 acres of which 225 acres are located on the east side of the railroad. Pond Creek, which affords all of the stock water for the farm, is located on the west side of the track. The west side is used principally for cultivation and the east side for pasture and grazing. Appellees point out that if a crossing is provided across the track it will be necessary to erect gates at the crossing to keep the cattle off the railroad's right of way. It is insisted that such an arrangement would require attendants at the gate twenty-four hours a day because cattle go to water at various times and in a large pasture it would be impossible to drive them back and forth at regular intervals. Appellant concedes that a crossing at track level would require the construction of gates at the crossing, but contends that the maintenance of gates at crossings is neither unusual nor unduly burdensome upon appellees.

If we accepted the premise of appellant and appellees that gates would be necessary for a crossing at track level, we would have no trouble in concluding that a passway across the tracks would be unreasonable. If appellees merely had a few cattle, it might be practical to open the gates and drive them across the tracks to water once or twice a day and then return them to pasture and close the gates. However, as applied to a farming operation of the size and extent presently conducted by appellees, such a procedure would be out of the question and would be equivalent to the denial of any passway. It would be equally as unreasonable to expect appellees to maintain constant attendants at the gates to keep cattle from straying onto the railroad's right of way. We, therefore, conclude that notwithstanding the right of the railroad company to make a choice between a passway for cattle across or under its tracks the cross track passway, if chosen, must be constructed in such a manner as will provide stock with constant access from one side of the tracks to the other and at the same time provide means of preventing the stock from straying onto the right of way. Unless these standards are met, the passway should be under the tracks.

 Under the view of the case which we have taken, it has been necessary for

us to consider and determine the legal effect of an agreement entered into between appellant's lessor and appellees' predecessor in title under date of April 2, 1906. By the terms of this agreement, it is provided that neither party, their successors or assigns, shall be liable to the other for damages resulting from stock trespassing upon the railroad's right of way. If the effect of this agreement is to completely relieve the railroad company of liability for cattle killed while crossing the passway provided by it, we would have no hesitancy in determining that a passway across the tracks would be unreasonable. But we do not so construe the agreement. The company is relieved of liability only as to stock which are trespassing on the right of way. In crossing a passway which the company is required to provide, the stock are not trespassing, and the agreement does not relieve the company of responsibility for injury to stock while using the crossing. Neither would it relieve the railroad for injury to stock which wander on the right of way by reason of the failure of the company to provide a means of preventing stock from getting off the passway.

Upon the whole record, and after viewing the photographs filed by both parties, we are of the opinion that a crossing at track level can be provided which will meet the standards set out herein. In view of our construction of the agreement concerning the company's liability, the appellees will be subjected to no undue hazard by the use of such a passway. We, of course, do not suggest the means by which the appellant will meet the standards which we have indicated.

The judgment is reversed for proceedings consistent with this opinion.