FRANK E. MIDKIFF, EDWIN P. MURRAY, WILL-
SON C. MOORE, ATHERTON RICHARDS AND
SAMUEL WILDER KING, TRUSTEES UNDER
THE WILL AND OF THE ESTATE OF BERNICE
P. BISHOP, DECEASED *v.* CASTLE & COOKE,
INC., A HAWAII CORPORATION.

No. 4118.

January 12, 1962.

Tsukiyama, C. J., Wirtz, Lewis, Mizuha, JJ.,
and Circuit Judge Tashiro, in Place of
Cassidy, J., Disqualified.

410

OPINION OF THE COURT BY WIRTZ, J.

This action involves the construction of a deed dated December 30, 1899, from the plaintiffs-appellants, as grantors, to Oahu Railway and Land Company (hereinafter referred to as OR&L) as grantee, and a determination of the rights of the parties with respect to two of the parcels of land referred to in the deed.

The deed consists of two portions. The parcels involved in this litigation were conveyed by the first portion and were designated as Parcels Seventh and Eighth. The defendant-appellee is the successor in interest to the rights of OR&L with respect to these parcels.

The description in the deed of Parcel Seventh shows that it consists of a strip of land 40 feet wide (20 feet on each side of a designated center line) and approximately 26,000 feet long, containing an area of approximately 23.8 acres, and located in the Ahupuaa of Paalaa and the Ahupuaa of Kawailoa, in the district of Waialua.

The description in the deed of Parcel Eighth shows that it consists of a parcel approximately 80 feet wide and 1,600 feet long, containing an area of approximately 2.97 acres, located in the Ahupuaa of Paalaa, in the district of Waialua. Such description also shows that it is a siding, adjoining Parcel Seventh on the south or mauka side of Parcel Seventh.

The first portion of the deed constituted not only a conveyance of Parcels Seventh and Eighth, but also of other parcels designated as First to Sixth inclusive, bisecting a larger tract of land owned by the grantors.

The second portion of the deed constituted a conveyance of an additional tract of land, containing an area of approximately 13.7 acres, located in the Ahupuaa of Paalaa, in the district of Waialua, and is not involved in this litigation directly. The description in the deed of the 13.7 acre tract shows that it adjoins Parcel Seventh on the north or makai side of Parcel Seventh.

The granting clauses of both portions of the deed are the same and disclose language sufficient to constitute a conveyance of a fee simple title.

The habendum of the first portion of the deed conveying Parcels Seventh and Eighth includes a railway purpose clause:

"To have and to hold * * * unto the said party of the second part its heirs successors and assigns forever *for railway purposes.*" (Emphasis added.)

The OR&L used both parcels Seventh and Eighth for railway purposes until sometime in 1947. The use of these parcels for such purposes ceased prior to the commencement of this action.

The habendum of the second portion conveying the 13.7 acre tract contains no such limitation for railway purposes:

"To have and to hold * * * unto the said party of

the second part its heirs successors and assigns forever * * *."

A consideration of $3,294 is recited in the first portion of the deed while in the second portion it is stated that the grant is made "in consideration of the premises."

The deed also contains a covenant by OR&L relating to "crossings over its railway track," which is more fully considered later in this opinion.

The issues involving the interpretation of the deed and the determination of the rights of the parties in and to Parcels Seventh and Eighth are raised under the pleadings filed in the trial court.

The allegations in the amended complaint include an allegation of the execution of the deed, an allegation that Parcels Seventh and Eighth are no longer used for railway purposes and allegations showing that Helemano Company, Limited (subsequently merged into the present defendant-appellee herein) became the successor in interest to any rights of OR&L with respect to Parcels Seventh and Eighth.

The amended complaint also contains allegations of various types of extrinsic evidence bearing on the intent of the parties in effecting the conveyance by the deed, including the preliminary negotiations as well as the practical construction subsequently given to the deed by the parties.

The amended complaint discloses that it is the position of the plaintiffs, in the alternative, that OR&L obtained by the deed either (1) an easement for a railroad over Parcels Seventh and Eighth, or else (2) an estate in fee simple determinable in such parcels, both of which terminated when said parcels ceased to be used for railway purposes.

In the prayer, plaintiffs ask to be declared the owners in fee simple of Parcels Seventh and Eighth and judg-

ment for the fair and reasonable rental value of said parcels for the period subsequent to December 30, 1947.

In accordance with Rule 12(b), H.R.C.P., the answer sets forth three defenses, designated as First Defense, Second Defense and Third Defense, which might have been presented by a motion to dismiss for failure to state a claim upon which relief could be granted.

The First Defense consists solely of the following sentence, based on the language of defense (6) listed in Rule 12(b): "The amended complaint fails to state a claim against defendant upon which relief can be granted." The fundamental bases of this defense have been summarized in defendant's brief as follows: "[T]hat the meaning and legal effect of the Bishop Estate deed was to convey to the OR&L an estate in fee simple absolute in the numbered parcels listed in the first portion thereof; that the Bishop Estate deed is free from ambiguity within the meaning of the parol evidence rule; that under the parol evidence rule the meaning and legal effect of the Bishop Estate deed cannot be varied or changed by resort to extrinsic evidence; and that the defendant, as successor in interest to the OR&L, has an estate in fee simple absolute in Parcels Seventh and Eighth."

The Second Defense and the Third Defense constitute in effect amplified statements of the general language of the First Defense. The Second Defense states, in substance, that the meaning and legal effect of the deed was to convey an estate in fee simple absolute in the numbered parcels and that the deed is not ambiguous. The Third Defense incorporates the Second Defense and also states, in substance, that the meaning and legal effect of the deed cannot be varied or changed. from a conveyance of a fee simple absolute title to the grant of an easement or the conveyance of an estate in fee simple determinable, by resort to the alleged extrinsic evidence. The defenses, thus,

are tantamount to a motion to dismiss.

Pursuant to Rule 12(d), H.R.C.P., a motion was filed for a preliminary hearing of the First Defense, the Second Defense and the Third Defense in the answer. As a result of the preliminary hearing, a decision was entered on January 16, 1959, in favor of the defendant on the three defenses. Judgment of dismissal was entered in accordance therewith from which this appeal was taken.

The question thus presented under this appeal is simply whether or not the trial court erred in dismissing the amended complaint under the pleadings.

"* * * In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. * * *" *Conley* v. *Gibson*, 355 U.S. 41, 45, 46.

In considering the sufficiency of the amended complaint herein "well-pleaded allegations of fact are taken as admitted." *Lum* v. *Fullaway*, 42 Haw. 500. See also, Barron & Holtzoff, *Federal Practice and Procedure*, § 344, p. 288; § 356, p. 354. These certainly include the fact of the deed itself, the fact that it was executed and the fact that Parcels Seventh and Eighth are no longer used for railway purposes. Also included are the facts with regard to the shape and location of each of Parcel Seventh, Parcel Eighth and the 13.7 acre tract, as shown by the amended complaint, including the deed incorporated therein.

These facts were the only ones considered by the trial court in arriving at its decision that the deed was unambiguous and operated as a conveyance of a fee simple absolute title to Parcels Seventh and Eighth described in the first portion of the deed. The trial court ignored the allegations of extrinsic evidence of intent in the amended complaint, as excludable under the parol evidence rule.

While a deed should be construed in accordance with the intention of the parties, if at all possible; still such intent must be ascertained from the language of the instrument itself. *Kaleleonalani* v. *Commissioners of Crown Lands,* 6 Haw. 454; *Kaleialii* v. *Sullivan,* 242 Fed. 446, affirming 23 Haw. 38; *Lathrop* v. *Wood,* 1 Haw. 121. All of the provisions of a deed must be considered in order to arrive at the proper interpretation thereof. *Kaleialii* v. *Sullivan, supra; Ako* v. *Russell,* 32 Haw. 769; *Hawaiian Pineapple Co.* v. *Saito,* 24 Haw. 787; *Kaleleonalani* v. *Commissioners of Crown Lands, supra; Lathrop* v. *Wood, supra.*

The deed, in form and language, apart from the railway purpose clause found in the habendum of the first portion thereof, clearly expresses the intent of the grantors to convey a fee simple estate to OR&L and is sufficient to accomplish that purpose unless a different intent can be spelled out from the use of such railway purpose clause.

In construing the effect of a purpose clause in a deed, the courts are not entirely in agreement but the almost universally accepted rule of construction is that such a clause, of and by itself, does not operate to qualify or limit the estate granted by the deed, or, in other words, it does not operate to reduce what would otherwise be an estate in fee simple to an easement or an estate in fee simple determinable or other limited estate. 26 C.J.S., *Deeds,* § 134.a., pp. 987, 988; 18 C.J., *Deeds,* § 335, p. 336; 19 Am. Jur., *Estates,* § 36, p. 496. The rule is applicable to deeds of land "for railway purposes." *Rowell* v. *Gulf, M. & O. R.R.,* 248 Ala. 463, 28 So.2d 209; *Lynch* v. *Cypert,* 227 Ark. 907, 302 S.W.2d 284; *Jackson* v. *Rogers,* 205 Ga. 581, 54 S.E.2d 132; *Rockford Trust Co.* v. *Moon,* 370 Ill. 250, 18 N.E.2d 447; *Arkansas Improvement Co.* v. *Kansas City So. Ry.,* 189 La. 921, 181 So. 445; *Jones* v. *New Orleans & Northeastern R.R.,* 214 Miss. 804, 59 So.2d 541;

*Carr* v. *Miller,* 105 Neb. 623, 181 N.W. 557; *Concklin* v. *New York Cent.* ¡& *H. R.R.,* 149 N.Y. App.Div. 739, 134 N.Y. Supp. 191; *Stinson* v. *Oklahoma Ry.,* 190 Okla. 624, 126 P.2d 260; *Texas '& P. Ry.* v. *Vaughan,* 73 S.W.2d 632 (Tex.Civ.App. 1934) ; *Texas & P. Ry.* v. *Martin,* 123 Tex. 383, 71 S.W.2d 867; *Killgore* v. *Cabell County Court,* 80 W.Va. 283, 92 S.E. 562. This is so, irrespective of various collateral circumstances, such as the shape and location of the land conveyed; the nature of the consideration recited; the particular railway purpose for which the land is to be used, and the existence or non-existence of warranties.

The principal reason given for this general rule is that the purpose clause is a mere expression or declaration or recital of the anticipated use by the grantee of the land and that such an expression or declaration or recital does not indicate an intent to qualify or limit the estate granted by the deed. 26 C.J.S., *Deeds,* § 134.a., pp. 987, 988; 19 Am. Jur., *Estates,* § 36, p. 496. In many of the decisions an additional reason for the rule is given that a grantor desiring to grant an easement or to convey a determinable fee or other limited estate can readily use appropriate language for that purpose.

Under this general rule the railway purpose clause in the first portion of the deed did not operate to qualify or limit the estate conveyed thereby and the OR&L obtained by the deed a fee simple title to the parcels of land here involved. The cases cited by the plaintiffs, with a few exceptions setting forth the minority rule, do not relate to the issue which is now under consideration, *i. e.,* the effect of a railway purpose clause in a conveyance of land to a railroad. Many deal with a grant of a right-of-way or of land for a right-of-way to a railroad while others treat of an exclusive purpose clause or with grants containing provisions inconsistent with a fee simple title

or those containing express language indicating a limited estate was intended.

Plaintiffs contend, however, that even if the general rule is as above stated, nevertheless it should not be applied in the interpretation of the first portion of the deed because the difference between the habendum clause in the first portion and the habendum clause in the second portion indicates an intent to convey a lesser estate by the first portion than by the second portion, or, at least, raises a sufficient doubt to create an ambiguity so that extrinsic evidence, as alleged in the amended complaint, may be presented to aid in the interpretation of the deed.

We perceive, however, no valid reason why a railway purpose clause in one portion of a multiple deed, even in the absence of a railway purpose clause in another portion thereof, should have a different meaning than the same purpose clause in a simple deed. If, as we have seen, a railway purpose clause in a simple deed is a mere expression or declaration or recital of anticipated use and does not indicate an intent to qualify or limit the estate granted by the deed, then the same purpose clause in one portion of a multiple deed should also be a mere expression or declaration or recital of anticipated use which also does not indicate an intent to qualify or limit the estate granted thereby.

*Lee* v. *Pennsylvania-Reading Seashore Lines,* 129 N.J. Eq. 530, 20 A.2d 71, upon which appellant relies, is distinguishable. In that case the pertinent part of the deed contained language which in itself was apt to convey an easement and the absence of such language in the other part of the deed merely confirmed the conclusion that an easement was intended. *Danielson* v. *Woestemeyer,* 131 Kan. 796, 293 Pac. 507, the other two-part deed case cited by appellants, was decided under a peculiar Kansas rule that is not applicable in Hawaii. Under that rule the mere

circumstance that the land is part of the railway's right-of-way is of legal significance "regardless of the language of the deed." Here, the land undoubtedly was part of the railway's right-of-way and the language "for railway purposes" so signified, but since we do not follow the Kansas rule the absence of appropriate language to limit the estate is conclusive.

It clearly appears from the authorities supporting the general rule above stated that the argument made here by the plaintiffs that a purpose clause in a deed should be given operative effect in qualifying or limiting the estate granted by the deed, because otherwise the purpose clause would be treated as surplusage or as a mere exercise in penmanship, has been repudiated generally with respect to simple deeds. We cannot see that this argument, which is the rationale for the minority view, has any greater force with respect to a multiple deed, with a purpose clause in one portion and not in another, than with respect to a simple deed.

The language of the first portion of the deed and the language of the second portion are both proper to transfer a fee simple title. The use of one such proper method in the second portion of the deed does not detract from the significance of the use of another such proper method in the first portion. Further, the absence of appropriate language to create an easement or a determinable fee, leads to the reasonable conclusion that neither an easement nor a determinable fee was contemplated by the parties and that the railway purpose clause was used in the first portion of the deed in its well-established sense.

The division of the deed into two parts, together with the situation and shape of the land conveyed by the first part and the use therein of the language "for railway purposes," may have signified that the parties had a purpose in view, but at most the quoted language created a

covenant, not a condition. See 19 Am. Jur., *Estates,* §§ 71-72, pp. 536-540. As held in *Rowell* v. *Gulf M. & O. R.R., supra,* a purpose to have the title of the land revert unless the use of the property for railway purposes should be perpetual must be expressed by condition and not a mere statement which at most is a covenant or agreement. The point is brought out by one of the early Massachusetts cases there cited, in which it was held that a conveyance "for a burying place forever," did not compel the grantee, on pain of forfeiture, to maintain the premises as a burial place for all time, however inconvenient or impracticable it might become to make such an appropriation of the premises. *Rawson* v. *School District No. 5,* 7 Allen, Mass., 125, 83 Am. Dec. 670.

Even if the construction and maintenance of the railroad were part of the consideration for the deed, that would not import a reverter under the circumstances here present. *Cf., Berkley* v. *Union Pac. Ry.,* 33 Fed. 794, in which it was held that a conveyance of land for a depot ground, which by the deed was required to be erected and maintained on the premises, did not import a reverter when the depot was erected and maintained for eleven years, following which it was abandoned in favor of another site.

Hence, in the case that we have before us—an asserted reverter after railroad use for nearly fifty years—the statement of purposes in the first part of the deed is without significance.

The various other provisions of the deed are entirely consistent with, and indicative of, a grant of a fee simple title. Particular attention has been given to the covenant providing for railway track crossings over the lands conveyed "for railway purposes." This covenant not only sets forth the obligation of OR&L to construct and maintain the specified crossings but also provides for the use of

such crossings by the grantors "and their assigns and their tenants and all others occupying or using at any time any land at Kapalama or at Waialua now or hereafter belonging to the" grantors. It also requires that the crossings be suitable "for persons on foot and for carriages" and to be located at points designated by the grantors.

This covenant is perpetual and it could be argued that it contemplated the use of these lands forever "for railway purposes," indicating that the purpose clause might have been inserted in the first portion of the deed for reasons other than merely to describe the anticipated use of the land. This argument, at most, could lead to the conclusion that the use of the railway purpose clause was ambiguous. However, the argument loses force since the covenant is wholly compatible and consistent with, and even indicative of, a grant of fee simple title of the land involved.

This covenant secured to the grantors easements across the land granted "for railway purposes" coupled with an affirmative covenant on the part of OR&L to construct and maintain such crossings, such rights of the grantors running with the land. *Louisville & Nashville R.R.* v. *Pierce,* 313 Ky. 189, 230 S.W.2d 430; *Yazoo & M. V. R.R.* v. *Hughes,* 139 Miss. 177, 103 So. 805; *Cf. Childs* v. *Boston & M. R.R.,* 213 Mass. 91, 99 N.E. 957; *Chicago, Indianapolis & Louisville Ry.* v. *Beisel,* 122 Ind. App. 448, 106 N.E.2d 117; *Recco* v. *Chesapeake & O. Ry.,* 127 W.Va. 321, 32 S.E.2d 449.

Thus it is clearly seen that this covenant is wholly compatible and consistent with, as well as indicative of, a grant of a fee simple title and in no way contributes to creating a doubt as to the intention of the parties as expressed in the deed.

As thus construed, we can discern no ambiguity in

the deed. The words "for railway purposes" admittedly are unambiguous in themselves. As we have seen, they have a well recognized legal meaning. There is nothing anywhere in the deed to indicate that the railway purpose clause in the first portion thereof was used otherwise than in its normal sense.

A dispute as to the interpretation of a document, in the absence of ambiguity of some language contained therein, does not constitute an ambiguity within the meaning of the parol evidence rule. *Henry* v. *Shields,* 19 Haw. 302; *Richards* v. *Ontai,* 19 Haw. 451. In determining whether or not an ambiguity exists in a document, under the parol evidence rule, the test lies not necessarily in the presence of particular ambiguous words or phrases but rather in the purport of the document itself, whether or not particular words or phrases in themselves be uncertain or doubtful in meaning. In other words, a document may still be ambiguous although it contains no words or phrases ambiguous in themselves. The ambiguity in the document may arise solely from the unusual use therein of otherwise unambiguous words or phrases. An ambiguity may arise from words plain in themselves but uncertain when applied to the subject matter of the instrument. *Cf. Cook* v. *Smith,* 107 Tex. 119, 174 S.W. 1094; *United Packinghouse Workers* v. *Maurer-Neuer, Inc.,* 272 F.2d 647 (10 Cir. 1959); *Golden* v. *Popper Shoe Corp.,* 94 F. Supp. 100 (U.S.D.C. Mass.); *Friedman* v. *Virginia Metal Products Corp.,* 56 So.2d 515 (Fla. 1952). In short, such an ambiguity arises from the use of words of doubtful or uncertain meaning or application. While the contention that the deed is ambiguous by reason of the fact that the first portion contains a railway purpose clause whereas the second portion does not, raises a problem of interpretation, considered above, it does not create an ambiguity.

Since there is no ambiguity in the deed as construed, the parol evidence rule applies. The extrinsic evidence of the surrounding facts and circumstances existing prior to, contemporaneously with and subsequent to the execution of the deed, as alleged in the amended complaint, is not competent to contradict, defeat, modify or otherwise vary the meaning or legal effect of the deed. 32 C.J.S., *Evidence*, § 852, p. 788; 20 Am. Jur., *Evidence*, § 1099, p. 958 et seq.; 16 Am. Jur., *Deeds*, § 445, pp. 686, 687; *Macfie* v. *Hackfeld*, 6 Haw. 558; *Henry* v. *Shields, supra; Richards* v. *Ontai, supra; Ah Hoy* v. *Raymond*, 19 Haw. 568; *Yamashiro* v. *Costa*, 26 Haw. 54. The parol evidence rule, being a rule of substantive law, precludes the consideration of this extrinsic evidence, and the allegations of such evidence must be ignored in considering the sufficiency of the amended complaint under the defenses interposed. *Baucom* v. *Friend*, 52 A.2d 123; *Olive v. Equitable Life Assur. Soc. of United States*, 227 Ala. 557, 151 So. 57; *Brintnall* v. *Briggs*, 87 Iowa 538, 54 N.W. 531; *Golden* v. *Golden*, 155 Okla. 10, 8 P.2d 42; *Investors Royalty Co.* v. *Lewis*, 185 Okla. 302, 91 P.2d 764; *Mathers* v. *Roxy Auto Co.*, 375 Pa. 640, 101 A.2d 680; *Smith* v. *Hampton*, 42 S.W.2d 466; Annot., 10 A.L.R.2d 720.

Inasmuch as the railway purpose clause is ineffective to limit or qualify the otherwise expressed intent to convey a fee simple estate by the deed and the allegations of extrinsic evidence cannot be considered, in the absence of any ambiguity in the deed, we can only conclude that the amended complaint fails to state a claim upon which relief can be granted as, under the rule in *Conley* v. *Gibson, supra,* "it appears beyond doubt that the [plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief."

Affirmed.

*J. Garner Anthony* and *Arthur B. Reinwald* (*Robert-*

*son, Castle & Anthony*) for appellants, Trustees Estate of Bernice P. Bishop.

*Livingston Jenks* and *Hugh Shearer* (*Anderson, Wrenn & Jenks*) for appellee Castle & Cooke, Inc.

DISSENTING OPINION OF TSUKIYAMA, C. J.

The deed in question, executed by the Bishop Estate on December 30, 1899, in favor of OR&L Co. is a single deed conveying a total of nine separately described parcels of land in Waialua, Oahu. An unusual feature about the deed is that the first eight parcels are covered by one habendum clause, while a separate and independent habendum clause is employed with respect to the last or ninth parcel.

The lands in dispute are the seventh and eighth parcels to which the first habendum clause applies. The clause reads: "To have and to hold * * * for railway purposes." The habendum clause applicable to the last parcel does not contain the words "for railway purposes." In 1947, the grantee abandoned its railway and discontinued the use of the parcels aforesaid.

Both parties have cited numerous cases in support of their respective contentions. It appears, and I am in accord, that in the case of a simple deed containing one habendum clause, the mere recital of a railway purpose, in the absence of other qualifying words, has been generally construed as constituting a declaration of an anticipated use of the land conveyed and not an expression of an intent to limit the estate granted to an easement or a fee simple determinable estate.

Significant in the case at bar, however, is the fact that, although the lands involved were all required for the purpose of operating a railway, the deed groups the parcels conveyed into two separate portions, each with its own habendum. Instead of employing the normal technique of

setting forth one habendum following the description of all parcels conveyed, the grantors pursued the method of describing the last parcel separately with a second habendum differentiating it from the first by excluding the railway purpose phrase. Such circumstance inevitably elicits a query as to the true intent of the grantors in employing, if they did intend to convey an absolute fee simple title to all the parcels, the circuitous and duplicative method of conveyancing.

I am not unmindful of the cliche that the time-honored parol evidence rule does apply to a document which is free from ambiguity. If the words used therein are clear, there is no occasion to permit resort to extrinsic evidence to show that something else was intended. It is my view, however, that the presence of clear and understandable words is not an exclusive criterion to determine whether a document in its entirety is free from ambiguity. Omission of significant words as well as literal expressions of abstruse or multiple meanings can and does ofttimes create an ambiguity when the document as a whole is examined.

The courts have generally made a distinction between a patent ambiguity and a latent ambiguity, holding that if there is an ambiguity on the face of a grant parole evidence is inadmissible, but if the ambiguity is latent, arising from matters outside a grant, parole or extraneous evidence is admissible to explain it. *Ookala Sugar Plantation Co.* v. *Wilson,* 13 Haw. 127. There is, however, a modern tendency toward liberality in the use of extrinsic evidence. *Stoffel* v. *Stoffel,* 241 Iowa 427, 41 N.W.2d 16. This is particularly true in the case of what is referred to as an intermediate class of ambiguities partaking of the nature of both patent and latent ambiguities. Such intermediate class "exists when the words are all sensible and have a settled meaning, but at the same time consistently admit of two interpretations, according to the sub-

ject matter in the contemplation of the parties." 20 Am. Jur., *Evidence,* § 1158, p. 1011. See 102 A.L.R. 287 et seq.

Where, as here, an obviously significant phrase is used in one habendum and excluded in another, the document itself becomes ambiguous. Although a language unambiguous in itself appears, a document read as a whole may be uncertain when the language, due to the unusual method of its use, is applied to the subject matter of the document. The fact, as shown by the record, that the lands in dispute, being 26,000 feet long and 40 feet wide, were carved out of and thus bisect a large mass of land of more than 25,000 acres owned by the grantors, coupled with the grantee's covenant to make and maintain 16-foot crossings over its railway tracks to be used by the grantors and their tenants, cannot but raise a question as to whether the railway purpose phrase was intended to be a mere surplusage or a limitation upon the estate conveyed.

It is a generally recognized rule, accepted in this jurisdiction, that where a doubtful meaning exists in a deed the entire instrument, and not only the individual words, phrases and clauses, is examined for the purpose of ascertaining and effectuating the intention of the grantor. *Ako* v. *Russell,* 32 Haw. 769; *Queen's Hospital* v. *Hite,* 38 Haw. 494; *Hawaiian Pineapple Co.* v. *Saito,* 24 Haw. 787; *Kaleialii* v. *Sullivan,* 23 Haw. 38, affirmed 242 Fed. 446; *Nahaolelua* v. *Heen,* 20 Haw. 372.

On the subject of reference to extrinsic evidence in order to resolve uncertainties in the meaning of a deed, the authorities are in harmony that "* * * in case of doubt, the court may consider not only the language, but also the circumstances surrounding the transaction and the situation of the parties." 2 Devlin, *Real Property and Deeds* (3d Ed.) § 839, p. 1524. See also 26 C.J.S. *Deeds,* § 92, p. 850; 16 Am. Jur., *Deeds,* § 445, p. 687.

While the case authorities are divided in their respective conclusions as to the character of estate created by the so-called railway purpose clause, they all recognize the principle that in every case of doubt the ascertainable intention of the parties must prevail. *Johnson* v. *Valdosta, M. & W. R. Co.,* 169 Ga. 559, 150 S.E. 845, a case cited by appellee, clearly summarizes the principle as follows: "The crucial test is the intention of the parties. In arriving at this intention we must look to the whole deed, and not merely upon disjointed parts of it. The recitals in the deed, the contract, the subject-matter, the object, purpose, and the nature of restrictions or limitations, and the attendant facts and circumstances of the parties at the time of making the deed are to be considered."

Just as this court found occasion in *Mossman* v. *Hawaiian Trust Company,* 45 Haw. 1, at p. 12, 361 P.2d 374, at p. 381, to allude to the commendability of the caution exercised by the trial court in the use of the summary judgment procedure, I am of the opinion that, except in the case where the pleadings patently fail to state a claim upon which relief can be granted or to present a genuine issue as to any material fact, a case should, in the interest of substantial justice, be permitted to go to trial and a full disclosure of the facts had, rather than be dismissed on the pleadings. The facts alleged in the amended complaint in the case at bar, coupled with the unusual form of the deed in question, raise a question as to the true intention of the parties sufficient, in my view, to warrant a full hearing on the merits.

Accordingly, with due deference, I am unable to concur in the result reached by the court.