JOLENE NAPUA TRENHOLM, as Successor Trustee to Seward Samuel Smythe, Jr. Trust, Plaintiff/Counterclaim Defendant/Appellee,
v.
JAMES SMYTHE, Defendant/Counterlclaimant/Cross-Claim Plaintiff/Appellant, and
BRETT K. SMYTHE, FIRST HAWAIIAN BANK, AND COLONY MORTGAGE COMPANY, LIMITED, Cross-Claim Defendants/Appellees, and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; AND DOE GOVERNMENTAL UNITS 1-10, Defendants-Appellees.
No. 27650
Intermediate Court of Appeals of Hawaii.
May 22, 2008.
On the briefs:
Gerald Johnson for Defendant/Counterclaimant/Cross-Claim Plaintiff/Appellant.
Deborah K. Wright and Keith D. Kirschbraun (Wright & Kirschbraun) for Plaintiff/Counterclaim Defendant/Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.
Defendant/Counterclaimant/Cross-Claim Plaintiff/ Appellant James K. Smythe (James) appeals from the "Amended Judgment by Trial" filed on November 22, 2005 in the Circuit Court of the Second Circuit (circuit court).[1]
On appeal, James asserts sixty-seven points of error. However, James argues only seven discernable issues in his Opening Brief. Pursuant to Hawai`i Rules of Appellate Procedure (HRAP) Rule 28, this court will consider only the following points of error that James actually argues:
(1) Instead of finding the Warranty Deed, dated February 1, 2002 and filed in the State of Hawai`i Bureau of Conveyances on May 5, 2003, (Warranty Deed) void for uncertainty and vagueness, the circuit court should have construed the Warranty Deed to give it the force and effect of conveying a one-third interest in the Property[2] to James.
(2) The circuit court erred in finding the Warranty Deed void because of undue influence over the grantor by James.
(3) The circuit court erred in finding the Warranty Deed void because of a lack of consideration.
(4) The circuit court erred in finding the Warranty Deed void because of a lack of delivery.
(5) The circuit court erred in finding the Warranty Deed void because of an invalid property description.
(6) The circuit court erred in finding the Warranty Deed void because of impossibility.
(7) The circuit court erred in finding the Warranty Deed void because the deed violated the statute of frauds.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve James's points of error as follows:
James contends the circuit court should have reformed the Warranty Deed in a manner consistent with the intent of the parties instead of finding it void for uncertainty and vagueness
To determine the intent of the parties in executing a deed, the court looks to "the language of the instrument itself." Midkiff v. Castle & Cooke, Inc., 45 Haw. 409, 415, 368 P.2d 887, 891 (1962).
The Property was owned by three parties as joint tenants with right of survivorship. The grantor (one of the three joint tenants) attempted to deed a portion of the Property to James by the Warranty Deed. The language of the Warranty Deed apparently intended to convey a divided interest in certain structures located on the Property along with 6,100 square feet of the land within the Property.
As a joint tenant, the grantor did not have the right to convey a specific part of the property in which he held joint tenancy. Scott v. Pilipo, 24 Haw. 277, 282-83 (1918). There is no record of an agreement with the other joint tenants to grant a divided interest to James and no record that the other joint tenants joined in signing or ratifying the Warranty Deed. The Warranty Deed was ineffective in conveying a divided interest in the Property to James, and the circuit court could not simply rewrite the Warranty Deed to give it a meaning of conveying a one-third co-tenancy interest in the Property to James when that was not the intent of the parties. Midkiff, 45 Haw. at 415, 368 P.2d at 891.
The circuit court was correct in concluding that the Warranty Deed was void. Thus, it is unnecessary to address James's remaining points of error.
Therefore,
The "Amended Judgment by Trial" filed on November 22, 2005 in the Circuit Court of the Second Circuit is affirmed.
NOTES
[1] The Honorable Joel E. August presided.
[2] The Property that is the subject of this lawsuit is situated at Pauwela Village, Makawao, County of Maui, State of Hawai`i, Tax Map Key 2-7-6-23, area 25,196 square feet. Four buildings, bearing the following addresses, occupy the Property: (a) a 3-bedroom, 2-bath house, 105 Akahai St.; (b) a 2-bedroom, 2-bath studio, 105A Akahai St.; (c) a 2-bedroom, 2-bath house, 145 Akahai St.; and a 2-bedroom, 2-bath house, 165 Akahai St.