## SUPREME COURT—IN BANCO.

### APRIL TERM—1874.

*Allen, Ch. J., Harris and Judd, J. J.*

KAMOHAI (K) *vs.* KAHELE (W),—ON EXCEPTIONS FROM OPINION OF HARTWELL, J., JANUARY TERM, 1873. JURY WAIVED.

THE plaintiff's land having been sold and conveyance made by his uncle with the active assistance of the plaintiff, who declared the uncle had the title to the land and the right to convey it with other conduct sufficient to constitute an EQUITABLE ESTOPPEL; held that evidence of such equitable estoppel might be received in a Court of law and constitute a bar to the action.

OPINION BY JUSTICE JUDD:

This is an action of ejectment for the possession of a part of a kuleana of land awarded to one Halai; and his son, the plaintiff, claims to have inherited the land from said Halai, who died intestate in 1849. The defendant claims under a deed from one Koa, who was Halai's younger brother. At the trial the defendant put in evidence the following facts: That in 1855 a patent of the land so awarded was taken out in the name of Halai and remained in possession of Koa, who had at one time raised money by a mortgage on a portion of the land included in the patent. The plaintiff Kamohai and Koa, with their families, lived together on the land until 1860, when Koa sold the lot in question to one Wanaoa, the deceased husband of the defendant, under whom she holds as his heir at law. The sale was made in the plaintiff's presence and by his active assistance. He counted out the purchase money for Koa, went with the parties to the registrar, and informed the person who drew the deed of conveyance that Koa had the title in the land and the right

to convey it. He also pointed out to the surveyor the lot so purchased, and has never until this suit laid any claim for the land. Meanwhile the purchaser erected buildings and made improvements on the land, and was treated by the plaintiff as its rightful owner.

The defendant claimed that the above facts established an equitable estoppel which would operate to prevent the plaintiff from asserting his title against her, and that this defence, though an equitable one, should be received in a Court of law. The Court below admitted the evidence and held that it constituted a bar to the action. Whereupon the plaintiff excepted. The first question presented is, are the facts of this case sufficient to constitute an estoppel?

Estoppels are legal and equitable. Legal estoppels are such as arise by deed or by matter of record and their theory is, that they preclude a party from setting up the real truth of the transaction even though in furtherance of his just and equitable rights. Such estoppels have been called "odious," and Courts have required strict pleadings asserting them and strict proof in evidence of them.

Equitable estoppels are such as arise from the facts of the case; they are often called "estoppels in pais" or "estoppels by conduct." They are called *equitable* estoppels because first recognized in Courts of Equity, which are Courts of good conscience.

In equity, principles of good faith, of upright dealing, are applied, and estoppels are used to "prevent a party from taking a dishonest and unconscientious advantage of his strict legal rights." See Horn *vs.* Cole, 51 N. H. 187.

Lord Denman thus defines them in Pickard *vs.* Sears, 6 Ad. & E. 469. "The rule of law is clear that where one by his words, or conduct, wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is precluded from averring against the latter a different state of things, as existing at the same time."

Kamohai (k.) *v.* Kahele (w.)

In a recent case, decided in December, 1872, 51 N. H. 324, Stevens *vs.* Dennett, the Court say: "A party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict, cannot afterwards dispute that fact in an action by or against the person whom he has himself assisted in deceiving." In order to an estoppel by conduct, there must have been a representation or concealment of material facts, known by the party to exist, and with the intention of inducing a party, ignorant of the facts, to act upon the representations. Bigelow on Estoppels, Chapter XIX., p. 480, and cases there cited.

Whether the act or admission shall operate by way of estoppel or not, must depend upon the circumstances of each case. Welland Canal Co. *vs.* Hathaway 8 Wend., 480, and this is the question for the Court. Manning *vs.* Cogan, 49 N. H. 331.

Kamohai, the plaintiff, in effect represented to Wanaoa, (k) defendant's ancestor, intestate, that Koa really owned the land and had the right to sell it, and he induced Wanaoa to buy it, knowing at the same time that the legal title was in himself. Therefore it would not be right or equitable for him to assert the contrary, and a Court of Equity would not permit him to do so. It is just the same as if he had told his uncle's grantee that he would never claim the land then sold, and the Court will make him keep his promise. In the case of Stevens *vs.* Dennett, above referred to, it was held that "if a party claiming the right to the use of a well upon premises about to be conveyed by deed, being present at the execution of the deed, and understanding its contents, signs the same as a witness thereto and does not disclose to the purchaser the fact that he had any claim to the well, and if the purchaser being ignorant of the party's claim, would not have purchased if he had known thereof, the party will not be permitted, in an action against the purchaser, to set up

his claim to the use of the well, even though his omission to disclose the same was only an act of gross negligence, and not of bad faith."

But our case is stronger; for Kamohai did not merely omit to say that as the son and heir of Halai he alone owned the land, but he actively assisted the selling of the land by a person having no rights therein.

In the large array of cases where this doctrine of estoppel by conduct has been applied, but few will be found where the acts and representations are as clearly designed to influence the deceived party as those of the case at bar. We are of opinion that these facts establish an equitable estoppel against Kamohai, and there is no doubt that a Court of Equity would enjoin him against setting up his legal title against the defendant.

The second question raised by the exceptions is, whether this defence of an equitable estoppel is admissible in a Court of law. This is a question of some difficulty. The plaintiff's counsel urges that the statute of frauds is in the way; which requires that an interest in lands be conveyed by an instrument in writing, and that such an estoppel would have the effect to create an interest in land without any written evidence of it; but the effect of an estoppel is not to make a deed of conveyance from the plaintiff to the defendant nor in any way to make a transmission of the legal title; it goes only as far as to preclude the plaintiff from asserting his legal title against the defendant. Bigelow Estop., 606.

Plaintiff further objected that the evidence of this estoppel is inadmissible, as it would be admitting parol evidence to vary and contradict a solemn deed under seal, which is contrary to the rules of law. But the evidence of Kamohai's acts and representations are not offered to contradict the deed of Koa to Wanaoa, but merely to establish by parol a state of facts that will bar or estop Kamohai from proving and asserting by parol that he is the son and heir of Halai

and entitled to the land as against Wanaoa and his heirs. They are independent facts.

A general objection is made to Courts of law entertaining evidence of equitable estoppels, on the ground that it is unsafe to trust juries with such questions, especially where land titles are affected ; but we doubt if questions of right and wrong, of good faith and honesty, would be more difficult for juries to decide upon, under the direction of the Court, than the questions ordinarily within their jurisdiction.

Believing the doctrine of estoppels by conduct to be just and beneficial, we can see no objection to administering this rule in Courts of law. The object of Courts of law being the furtherance of legal justice, and to encourage fair and truthful dealing among men, no harm can result to the country if a principle be now adopted which will tend to secure these results.

We are of the opinion that this decision is in consonance with Section 1107 of the Civil Code, which enacts "that the defendant may give in evidence as a defence to any civil action, any matter of law or fact whatsoever."

If it shall be found that the introduction of such defences, though not specially pleaded, tends to put the plaintiff at a disadvantage in not being prepared to meet them, the Court may make a rule respecting notice to the opposing party of matters intended to be given in evidence, in order to prevent surprise and to afford opportunity for preparation for trial. Section 1108 of the Civil Code gives Courts of Record this power.

The tendency of enlightened modern legislation and of Courts of law, is to become more and more free from the bondage of technical rules not based on principles which further justice ; and the history of the particular doctrine under discussion is a good illustration of this truth.

For example, in Maine, in 1841, in the case of Hamlin *vs.* Hamlin, 19 Me., 141, the Court held that no estoppel in rela-

Kamohai (k.) *v.* Kahele (w.)

tion to real estate is created by verbal contracts or admissions, but in 1848, Rangely *vs.* Spring, 28 Me., 127, in a writ of entry, the doctrine of equitable estoppel was adopted and has been so uniformly ever since, in that State.   Stevens *vs.* McNamara, 36 *Ib.*, 178; Stenchfield *vs.* Emerson, 52 *Ib.*, 465, and (1871) Bigelow *vs.* Foss, 59 *Ib.*, 162.

In New Hampshire, a State celebrated for its devotion to the common law, the cases are all in favor of this view: 2 N. H., 167, Runlet *vs.* Otis ; 6 N. H., 52, Morse *vs.* Child ; 11 N. H., 201, Thomas *vs.* Sanborn; 12 N. H., 134.   Marshall *vs.* Peirce; 51 N. H., 289, Horn *vs.* Cole; 61 N. H., 324, Stevens *vs.* Dennett.

In New York State the cases are in some conflict, but this defence is now allowed by statute.   It is also law in California, Pennsylvania, and in England by statute.

In this country, where the Judges of the Supreme Court have jurisdiction in equity, it is certainly desirable to avoid circuity of action, and we say that as this doctrine is good in equity it is good in law.

The Court has been materially assisted in arriving at these conclusions by the learned decision of Mr. Hartwell, lately Justice of this Court, who decided this case at *nisi prius.*

Exceptions overruled, and judgment for the defendant, to be entered as of the last day of the term, with costs.

S. B. Dole for the plaintiff.

L. McCully for the defendant.

Honolulu, May 14th, 1874.