MARY KALEIALII, REBECCA LEHIA MILES AND
ANNIE K. BOYD, AND ROBERT N. BOYD AND
VICTOR K. BOYD, BY THEIR GUARDIAN AD
LITEM, JOSEPHINE BOYD, *v.* HENRIETTA
SULLIVAN, JOHN BUCKLEY AND HENRY
HOLMES, TRUSTEE UNDER THE WILL OF
JOHN J. SULLIVAN, HENRIETTA SULLIVAN,
JOHN BUCKLEY, PRISCILLA ALBERTA SULLI-
VAN CLARKE, AND ROBERT KIRKWOOD
CLARKE, A MINOR, JUANITA ELLEN CLARKE,
A MINOR, AND THOMAS WALTERS CLARKE,
A MINOR.

## No. 879.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

### HON. T. B. STUART, JUDGE.

ARGUED OCTOBER 21, 1915.                DECIDED NOVEMBER 9, 1915.

WATSON AND QUARLES, JJ., AND CIRCUIT JUDGE ASHFORD, IN
PLACE OF ROBERTSON, C.J., DISQUALIFIED.

DEEDS—*construction.*

A deed to P and M, habendum to P and M and "their representa-
tives, heirs and assigns forever," conveys to each of said grantees
a fee simple in an undivided half of the land.

SAME—*same—clearly expressed intention of parties given effect.*

Where the granting clause and habendum in a deed decisively
show the intention of the parties ambiguities and inconsistencies
in other and subsequent clauses of the deed will not defeat such
intention.

#### OPINION OF THE COURT BY WATSON, J.

This action, to quiet title to a parcel of land situate on
Hotel street in Honolulu, was tried by the court, jury
waived, and was submitted below on the pleadings and
the evidence and briefs presented by the respective parties.
It comes here on reserved questions which require the con-
struction of a certain deed in the Hawaiian language,

executed by Alexander Adams, Jr., to his two daughters, Peke and Maria. A translation of the material parts of the deed, as agreed to by the parties, is as follows:

"This deed is an absolute conveyance of land made this 15th day of September in the year of our Lord One Thousand Eight Hundred and Fifty-eight between Alexander Adams, Jr., of Honolulu, Island of Oahu, the party of the first part, and Peke .and Maria, his daughters of the same place of the second part.

"WITNESSETH: That the above named Alexander Adams, Jr., of his own volition, in order to provide for his daughters Peke and Maria so as to prevent unavoidable inconvenience and for the care of their person with things necessary as well as their maintenance. And whereas, the said Alexander Adams, Jr., because of his own desire for the aforesaid daughters that they may be benefited with the proceeds arising therefrom together with the rents to their children and assigns as well as the payments to be made for the real estate hereunder conveyed and described premises to the end of their lives and forever to their heirs, independent of all restraint and interference of their husbands or those they may have hereafter, providing no conveyance is made to their husbands.

"Now therefore this deed showeth that the above mentioned Alexander Adams, Jr., in consideration of the statements herein made and of two dollars paid into his hands by the parties of the above mentioned second part which has been received in witness of the making, sale, giving, conveying, releasing, effectuating and confirming, therefore, by this deed, do make, sell, give, convey, release, effectuate and forever quit claim to the parties of the second part hereinabove mentioned all those certain pieces of land" (here follows a description of the land conveyed, including the parcel in question).

"To have together with the things thereupon the houses and appurtenances, rights and privileges as well as the proceeds thereof, either in law or equity, to receive from said lands and from all sources and all things together with the interest and rights appertaining to the party of the first part (shall belong to Peke and Maria and to their repre-

sentatives and heirs and assigns forever.

"And the above mentioned Alexander Adams, Jr., and until the decease of his daughters they shall leave these lands and rights appertaining to whomsoever they may devise, providing it be done in truth and honesty, but should it not be made in accordance with the above such as the conveyance and the acknowledgment thereof, then in such case these lands should revert together with all appurtenances to Alexander Adams, Jr., of the first part and to his heirs and the benefits shall only be theirs providing the second party have no children, but in the event that the parties of the second part having children all the rights shall descend to them in the manner enjoyed by their parents.

"Provided that if one of the parties of the second part should die without any issue living at the time, all the rights above mentioned shall descend to the survivor of them.

"The parties of the second part hereinabove set forth do hereby witness under oath and by affirmation as well to all the contents of this deed and do hereby bind and both consent to and with the party of the first part hereinabove mentioned to ratify and certify and to bond and execute to the truth of this deed as well as to all the conditions herein contained.

"In witness whereof I hereby sign with my hand and seal this day and the year first above written.

"Alexander Adams, Jr."

The following facts, *inter alia*, are reported by the presiding judge of the trial court:

"1. Alexander Adams, Jr., being then the owner of said land in fee simple, conveyed the same (with other lands) to his daughters Peke (known also as Peke Stone) and Maria (known also as Maria A. Boyd) by a deed dated September 15, 1858 * * *" (a translation of the same, agreed to by the parties to be a correct translation, being hereinabove set out).

"2. Said Peke thereafter executed and delivered to said Maria two deeds dated December 1, 1868, and October 21, 1885, respectively, in terms conveying her interest in said

land to said Maria and her heirs forever. * * * Said
Maria thereafter executed and delivered to G. H. Robertson
and C. Bolte a deed dated October 26, 1885, in terms con-
veying to them and the survivor of them and their suc-
cessors in trust all of said land, and said G. H. Robertson
and C. Bolte thereafter executed and delivered a deed dated
December 8, 1885, in terms conveying all of said land to
John J. Sullivan and John Buckley and their heirs and
assigns forever, who, and whose assigns, have ever since
been and now are in possession of said land and have from
time to time made valuable improvements thereon. Said
John Buckley is one of the defendants herein and the other
defendants are the successors in interest of said John J.
Sullivan. Said Maria died in 1894, leaving children who
still survive."

"3. Said Peke died on July 5, 1914, leaving surviving her
only two children, namely, Mary Kaleialii, born on October
20, 1859, one of the plaintiffs herein, and Robert N. Boyd,
born on September 2, 1863, who died on September 9, 1914,
leaving surviving him four children, namely, Rebecca Lehia
Miles, Annie K. Boyd, Robert N. Boyd and Victor K. Boyd,
the other plaintiffs herein. * * *"

The plaintiffs claim that the deed from Alexander Adams,
Jr., to his daughters Peke and Maria, gave only a life
interest in one-half of the land to each of the grantees
with remainder in fee simple to their respective children,
and that on the death of Peke on July 5, 1914, her life
estate ended and a remainder in fee simple in her half
of the land took effect in possession in her two surviving
children, namely, Mary Kaleialii (one of the plaintiffs) and
Robert N. Boyd, who was the only other original plaintiff,
but upon whose death, September, 9, 1914, his children
were substituted in his place as co-plaintiffs with Mary
Kaleialii. The defendants claim that the deed to Peke and
Maria gave them each a fee simple in half of the land and
that Peke's interest passed to Maria by her two deeds of
1868 and 1885, and that the fee simple in both halves, or
the whole of the land, passed by subsequent deeds from

Maria through Robertson and Bolte to the defendants, who have been in undisturbed possession, claiming under said deeds a fee simple title to the whole of the land, and spent large sums in improvements thereon, for the last thirty years.

Counsel for plaintiffs invoke the rule that deeds should be construed in accordance with the intention of the parties to them and argue that it is apparent from a reading of the entire instrument that the deed from Alexander Adams to his daughters, Peke and Maria, was intended to convey but a life interest to the grantees named therein with remainder over to their children, respectively. In support of this position counsel rely most strongly upon those portions of the deed contained in the premises: "In order to provide for his daughters Peke and Maria so as to prevent unavoidable inconvenience and for the care of their person with things necessary as well as their maintenance;" "that they may be benefited with the proceeds arising therefrom together with the rents to their children and assigns as well as the payments to be made for the real estate hereunder conveyed and described premises to the end of their lives and forever to their heirs;" and the portion of the deed immediately following the habendum clause as follows: "And the above mentioned Alexander Adams, Jr., and until the decease of his daughters they shall leave these lands and rights appertaining to whomsoever they may devise, providing it be done in truth and honesty, but should it not be made in accordance with the above such as the conveyance and the acknowledgment thereof, then in such case these lands should revert together with all appurtenances to Alexander Adams, Jr., of the first part and to his heirs and the benefits shall only be theirs providing the second party have no children, but in the event that the parties of the second part having children all the rights shall descend to them in the manner enjoyed by their

parents. Provided that if one of the parties of the second part should die without issue living at the time, all the rights above mentioned shall descend to the survivor of them."

We cannot adopt the position of counsel. According full recognition to the rule that deeds should be construed in accordance with the intention of the parties to them, that must be taken as qualified by the other rule that such intention must be ascertained from the language of the instrument itself. *Mercer* v. *Kirkpatrick*, 22 Haw. 644; *Green Bay & Miss. Canal Co.* v. *Hewett*, 42 Am. Rep. 701, 702. In *Ackerman* v. *Vreeland*, 14 N. J. Eq. 23, 28, the court, in construing a deed, said:

"It was a common law conveyance, and like all similar muniments of title, is to be construed according to its terms, and not according to the real or supposed intention of the parties."

"The question * * * is, not what was the intention of the parties, but what is the meaning of the words they have used." Lord Denman in *Rickman* v. *Carstairs,* 5 B. & Ad. 651, 663.

It will be seen from the deed that the grantor, Alexander Adams, Jr., after first designating the deed "an absolute conveyance of land" (the term "absolute" is defined by Rapalje & Lawrence in their Law Dictionary as meaning "complete, final, perfect, unconditional, unrestricted"), conveyed to his daughters, Peke and Maria, the land in contest, using the words, "do make, sell, give, convey, release, effectuate and forever quit claim to the parties of the second part * * * all those certain pieces of land" (here follows a description of the land, including the parcel in question); "To have together with all the things thereupon the houses and appurtenances, rights and privileges as well as the proceeds thereof, either in law or equity, to receive from said lands and from all sources and all things

together with the interest and rights appertaining to the party of the first part (shall belong to Peke and Maria and to their representatives and to their heirs and assigns forever)." In this case both the granting and the habendum clauses of the deed convey the fee forever.

While it is true that there are no words of inheritance in the granting clause, the deed was executed in 1858 prior to the enactment of the statute which adopted the common law and the word "heirs" was not essential to convey a fee simple. *Branca* v. *Makuakane,* 13 Haw. 499. Even were this not the law in this jurisdiction, the habendum being to the grantees and their heirs and assigns, and there being no inconsistency between the granting clause and the habendum, the latter would control in the matter of fixing the estate of the grantees as one in fee.

"Where no estate is mentioned in the granting clause, then the *habendum* becomes efficient to declare the intention, and will rebut any implication which would otherwise arise from the omission in this respect in the preceding clause." *Riggin et al.* v. *Love et al.,* 72 Ill. 553.

Giving to the expressions found in the deed and relied on by plaintiffs all of the force to which they are entitled, the most that can be said of them is that they are ambiguous, and, if given the meaning contended for by plaintiffs, inconsistent with the clearly expressed intent of the parties as found in the granting clause and the habendum.

As to the language found in the premises of the deed, which is relied on by plaintiffs as showing that the estate conveyed to the daughters was one for life only, we are of the opinion that such language, if given its proper interpretation, is equally if not more consistent with a fee simple than with a life estate.

Touching the language found in the deed immediately following the habendum, should it be conceded that such

language indicates the intention of the parties that the grantees should take a life estate only, with remainder over, we are of the opinion that the attempt to so limit the absolute grant is null and void because utterly inconsistent with both the granting and the habendum clauses of the conveyance. *Simerson* v. *Simerson,* 20 Haw. 57; *Nahaolelua* v. *Heen,* 20 Haw. 372, 377; *Ray* v. *Spears' Ex'r.,* 64 S. W. 413.

"If the deed contains a clause decisively showing the intention of the parties, ambiguities and inconsistencies in other clauses of the deed will not defeat such intention." 2 Devlin on Deeds, Sec. 837.

"In Cholmondeley *v.* Clinton, 2 Jac. & W. 84, which was a case most elaborately argued and considered, it was said by the court that, where a limitation in a deed is perfect and complete, it cannot be controlled by intention collected from other parts of the same deed. To support this rule of construction, the court cites and comments upon the following cases: Budd *v.* Brooke, 3 Gill, 198, 43 Am. Dec. 321; Ackerman *v.* Vreeland, 14 N. J. Eq. 23; Wilder *v.* Davenport, 58 Vt. 642, 5 Atl. 753; Cutler *v.* Tufts, 3 Pick. 272; Wilcoxson *v.* Sprague, 51 Cal. 640; Green Bay & M. Canal Co. *v.* Hewett, 55 Wis. 96, 42 Am. Rep. 701, 12 N. W. 382." *Carl-Lee* v. *Ellsberry,* 82 Ark. 209, 101 S. W. 407, 12 L. R. A. N. S. 956, 958.

The fact that the grantor invested the grantees (his daughters) with power to "leave these lands and rights appertaining to whomsoever they may devise, providing it be done in truth and honesty" is strongly indicative, if not conclusive, of the intent of the parties that the grantees were to take the fee. *Ray* v. *Spears' Ex'r., supra.*

"So, though a devise to a wife for life, and after her decease, she to give the same to whom she will, passes but an estate for life with a power; yet, if an express estate for life had not been devised to the wife, an estate in fee would have passed by the other words. 8 Vin. Abr. Devise, 4 W. a., pl. 4, p. 234." *Burwell's Ex'ors* v. *Anderson, Adm'r.,* 3 Leigh (Va.) 348, 356.

"A life estate is usually created by words of express limitation, and will not be assumed unless there are such words or their equivalent. If the deed shows by other provisions that the grantor intended his grantee to hold an estate for life only, such would be its effect. But if there be inconsistent provisions, some indicating a power of absolute disposal, which can only be had by the holder of the fee, and others creating a remainder which supposes a life estate, then the words of the *habendum* have a controlling significance." *Green et al.* v. *Sutton et al.*, 50 Mo. 186, 192.

We are of the opinion that the deed from Alexander Adams, Jr., to his daughters, Peke and Maria, gave them each a fee simple in an undivided half of the land.

*F. Andrade* (*Lorrin Andrews* with him on the brief) for plaintiffs. .

*W. F. Frear* and *C. H. Olson* (*Frear, Prosser, Anderson & Marx* and *Holmes & Olson* on the brief) for defendants.