EMMELINE DE FREITAS, ALSO KNOWN AS EM-
MELINE KAINA, *v.* JAMES L. COKE, ALAN S.
DAVIS AND FREDERICK OHRT, TRUSTEES
FOR THE ESTATE OF JAMES CAMPBELL, DE-
CEASED, AND THE KAHUKU PLANTATION
CO., LTD.

No. 4169.

April 2, 1963.

Tsukiyama, C. J., Wirtz, Lewis, and Mizuha, JJ.,
and Circuit Judge Tashiro in Place of
Cassidy, J., Disqualified.

OPINION OF THE COURT BY TSUKIYAMA, C. J.

By deed dated September 1, 1923, one Kainanui, as grantor, conveyed certain lands situate in the area of Waialua and Kahuku, Island of Oahu, to his six children, namely: Leialoha Kaleo, Kahalaopuna D. Pahu, Hooliliamanu (Manu) Ah Quinn, Kala Simeon Kalua, Waianuenue Spillner, and Kini Kaina.

Inasmuch as the controversy here involved requires an interpretation of the terms of the conveyance in relation to the character of the respective estates granted, this court has given careful scrutiny to the following pertinent portions of the deed in question:

"I, Kainanui (K), do hereby sell, give and convey absolutely to my beloved children, Leialoha Kaleo (W), Kahalaopuna D. Pahu (W), Hooliliamanu Ah Quinn (W), Kala Simeon Kalua (W), Waianuenue Spillner (W) and Kini Kaina (K), all of my real property described below, to be apportioned as it is apportioned in this instrument, as follows:

"To Leialoha Kaleo (W), I do hereby set apart, sell, give and convey absolutely to her, the lands and portions of Land Claims, as follows:"

(Here follows description of fourteen (14) parcels or groups of parcels of land; included therein is the land of Waikomo, being within Section One [1] referred to below but not here in dispute.)

"And to my remaining children, Kahalaopuna D. Pahu (W), Hooliliamanu Ah Quinn (W), Kala Simeon Kalua (W), Waianuenue Spillner (W), and Kini Kaina (K), I set apart, sell, give absolutely to each

of them one fourth (¼) acre within the boundaries of the premises known in the name of Waikomo, and being within the Section One (1) described above. There is reserved, however, by this conveyance the burial plot, which is not to be destroyed.

"To Have and to hold unto my beloved children Leialoha Kaleo (W), Kahalaopuna D. Pahu (W), Hooliliamanu Ah Quinn (W), Kala Simeon Kalua (W), Waianuenue Spillner (W), and Kini Kaina (K), the said land and portions of Land Claims conveyed in this Deed, together with all rights and benefits, and to their heirs, administrators and executors forever."

Leialoha Kaleo died intestate in 1932. Her legally adopted son, John Kepoo Kaleo, during the years 1936 and 1938 conveyed his inherited interest in his mother's lands to the Trustees of the Estate of James Campbell, deceased (defendants-appellees), or to William K. Rathburn in separate portions. The latter subsequently conveyed his portions to the former. Thereafter the Trustees leased the lands so acquired to Kahuku Plantation Company and Hawaii Meat Company, commencing in July 1933, and collected rents from them and paid all real property taxes. According to plaintiff-appellant the evidence does not tie up the Kaleo who made these deeds with the grantee named in the 1923 deed, but we think this point not well taken.

Kini Kaina, one of Kainanui's children named in his deed, died, leaving his son, Henry K. Kaina, as his heir. Plaintiff-appellant married said son in January 1932, but the latter died in December 1933, leaving a daughter, Alice Cox Kaina, who was born on November 7, 1932. In 1952, said daughter conveyed to plaintiff-appellant, her mother, her interest in the property left by her father. It is conceded that this deed was on a nominal consideration, for love and affection.

Plaintiff-appellant, claiming an undivided 1/10th interest in the fourteen (14) parcels of land described in the grant to Leialoha Kaleo, instituted proceedings in the First Circuit Court for confirmation of such interest and for an accounting from defendants-appellees of rentals collected from their tenants. After trial jury-waived, the trial court denied the claim and entered judgment in favor of defendants-appellees. From said judgment plaintiff-appellant has taken this appeal.

The evidence shows that upon the death of Henry K. Kaina, intestate, his estate was administered in probate in the First Circuit Court and there was listed in the inventory an undivided 1/10th interest in the lands here in dispute, and that the Tax Office records showed such interest in the deceased and an undivided 9/10ths interest in the Campbell Estate. It is also shown by the record of the court below that, in response to plaintiff's interrogatories, defendants claimed ownership of a 9/10ths interest in said lands and averred ignorance as to who owned the remaining 1/10th, but subsequently filed a supplemental answer to the interrogatories claiming absolute title in fee simple to all the lands in question.

Appellant raises, *inter alia,* several issues involving the interpretation of Kainanui's deed of September 1, 1923, the questions of estoppel and adverse possession, and alleged errors in the admission of evidence.

The issue of prime importance in this case, we perceive, is that which relates to appellant's claim that all six children of Kainanui acquired a fee simple title to the subject lands as tenants in common. Such claim is based upon the fact that Kainanui's deed, in the granting clause conveying said lands to Leialoha Kaleo, omitted the word "heirs." It is contended by her that such omission under the common law resulted in a grant to Leialoha Kaleo of an estate for life and that the same situation prevailed

with reference to the ¼th acre granted to each of the other five children in the so-called Waikomo property. She urges that all six children, therefore, acquired a fee simple title to all the lands described in the deed under and by virtue of the habendum clause which did contain words of inheritance, to wit, "and to their heirs, administrators and executors forever."

Appellant's argument to the contrary notwithstanding, the common law rule requiring words of inheritance to establish a conveyance of real property in fee simple has not obtained in the Territory, now State of Hawaii. R.L.H. 1955, § 1-1,[1] upon which appellant relies, adopts the common law of England "except as otherwise provided * * *, or fixed by Hawaiian judicial precedent, or established by Hawaiian usage; * * *."

Prior to 1892, the courts of Hawaii rejected the common law rules in certain aspects, thus establishing Hawaii's own judicial precedent. One of them was that the word "heirs" was deemed unnecessary for the purpose of making a fee simple conveyance. *Hemen* v. *Kamakaia*, 10 Haw. 547; *Branca* v. *Makaukane*, 13 Haw. 499; *Keanu* v. *Kaohi*, 14 Haw. 142; *Kaleialii* v. *Sullivan*, 23 Haw. 38; *In Re Rosenbledt*, 24 Haw. 298. In *Kaleialii* v. *Sullivan, supra*, it was held, in construing a deed executed in 1858, that "the word 'heirs' was not essential to convey a fee simple" in Hawaii, and that even if the law were otherwise, the absence of the word "heirs" in the granting

---

[1] R.L.H. 1955, § 1-1, as originally enacted by Act 57, § 5, Laws of 1892:

"The common law of England, as ascertained by English and American decisions, is declared to be the common law of the Territory of Hawaii in all cases, except as otherwise expressly provided by the Constitution or laws of the United States, or by the laws of the Territory, or fixed by Hawaiian judicial precedent, or established by Hawaiian usage; provided, that no person shall be subject to criminal proceedings except as provided by the written laws of the United States or of the Territory."

clause was immaterial when the language of the instrument showed the grantor's intention to convey a fee simple title.[2]

It is apparent that when the legislature adopted Act 57 in 1892 (now § 1-1, R.L.H. 1955), it was cognizant of the fact that before such enactment, the courts of Hawaii had not adopted the common law of England *in toto* and consequently made certain qualifications. Accordingly, it was deemed necessary to provide for exceptions. While this is the first instance of a deed executed after the 1892 statute in which omission of words of inheritance has been involved, *Rosenbledt, supra,* 24 Haw. 298, foreshadowed that the rejection of the common law rule was not limited to deeds executed before said statute, and we so hold.

As repeatedly held by this court, in the construction of a document the intention of the party or parties ascertained from a fair consideration of the language employed in the entire document must control. This principle applies as a master rule where, as here, the grantor has omitted from the granting clause of his deed certain stereotyped words required by the common law denoting limitation of the estate granted but has set forth words of inheritance in a single habendum clause which consolidates the names of all the grantees, although each of them is granted a different parcel or parcels of land in the granting clause specifically applicable to him.

Kainanui's deed must be so construed as to give effect to his intention as gathered from the deed in its entirety. Even if the granting clause and the habendum clause, read separately, were deemed to indicate a repugnancy, "when read as mutually modificatory" in the light of other

---

[2] For other cases of deviation from the common law, see *Lewers* v. *Kekauoha,* 114 Fed. 849 (9th Cir.) ; *Kahanamoku* v. *Advertiser Publishing Co.,* 25 Haw. 701; *Allied Amusements* v. *Glover,* 40 Haw. 92; *Thurston* v. *Allen,* 8 Haw. 392; *Kake* v. *Horton,* 2 Haw. 209; *Rohlfing* v. *Moses Akiona, Ltd.,* 45 Haw. 373, 369 P.2d 96.

language in the instrument and of the form employed by the grantor in the disposition of various lands in favor of different grantees, they constitute a consistent whole. 2 *Powell On Real Property*, § 317 at 675.

Apropos is the following statement in 7 *Thompson On Real Property*, § 3136 at 55 (1962 repl.) :

"Of course in determining the parties' intent, the granting clause and habendum will be construed together and, if possible, will be harmonized. The rules relating to the effect to be given the granting and habendum clauses in deeds are relevant only when all other rules for the interpretation of deeds are abortive in revealing the intention of the parties.

"This rule of construction does not, however, demand that all parts of the deed shall be treated as of equal weight in determining the effect of the instrument.

"The inclination of many courts at the present day is to regard the whole instrument, without reference to formal divisions. The deed is so construed, if possible, as to give effect to all its provisions, and thus to effectuate the intent of the parties. When an instrument is informal, the interest transferred by it depends not so much upon the words and phrases it contains as upon the intention of the parties as indicated by the whole instrument."

See also 4 *Tiffany On Real Property*, § 981 at 66 (3rd ed.) ; *Ako* v. *Russell*, 32 Haw. 769; *Bishop Estate* v. *Castle & Cooke, Inc.*, 45 Haw. 409, 368 P.2d 887; *Kupau* v. *Waiahole Water Co.*, 37 Haw. 234.

Although the habendum clause employed by Kainanui in his deed collectively enumerates all the grantees named in the separate granting clauses, it is clear that his intention was to convey his lands in fee simple by descriptively apportioning them to Leialoha Kaleo as to certain specific

parcels of land and to his remaining five children as to one-fourth acre each in the premises known as Waikomo. Such intention was unmistakably manifested by the grantor when, after listing the names of his six children, he conveyed "all of my real property described below, to be apportioned as it is apportioned in this instrument, as follows: * * *." He then conveyed to Leialoha Kaleo, "absolutely to her," the fourteen described parcels of land, and to the remaining five children, "absolutely to each of them," one-fourth acre in Waikomo, a separate area which is not here in issue. The term "absolutely," in its ordinary signification, means completely and without restriction or condition. Its use by Kainanui lends emphasis to the conclusion of this court that it was not his intention under the habendum clause to ultimately vest in the six children a fee simple title to all of his lands. Such manifest intention of Kainanui should prevail. The habendum clause wherein the names of all six children collectively appear must be read in the light of such intention.

As we have seen, appellant's contention as to the applicability of the common law rule which delimits an estate in the absence of words of inheritance is untenable. She obviously attaches no significance to the provision of the statute which expressly makes an exception in this jurisdiction to the common law in favor of Hawaiian judicial precedents or usage. In any event, the deed in question read as a whole conveyed the fourteen parcels of land to Leialoha Kaleo in fee simple.

We now consider appellant's argument that appellees are estopped from claiming full title to the lands in question, in view of the fact that they had claimed only a 9/10th interest in their original response to appellant's interrogatories. That such a response was made, there is no gainsaying on the record. There is, however, nothing in the record to indicate any admission or acknowledg-

ment by appellees of appellant's or her predecessors' alleged 1/10th interest in said parcels. The appellees subsequently filed a supplemental answer to the interrogatories asserting ownership of said parcels of land in absolute fee simple. M. L. Randolph, a successor trustee of the Estate and its former office manager, gave testimony to the effect that a title search had not been made when the original response was filed, that said response was based upon the tax maps of the Tax Office which showed a 9/10th interest in Campbell Estate, and that, after the filing of the original response a search was undertaken, in consequence of which the correction set forth in the supplemental answer was made and filed.

As the evidence shows, the Campbell Estate acquired title to the parcels of land originally conveyed to Leialoha Kaleo either directly from her heir, John Kepoo Kaleo, as to certain portions or by mesne conveyance from William K. Rathburn as to the remaining portions. This occurred between 1936 and 1938 and since that time the Trustees of the Estate have been continuously in open, notorious and exclusive possession of the lands under leases executed by them to Kahuku Plantation Company or to Hawaii Meat Company, and have collected all rents and paid real property taxes assessed on the entirety of said lands.

Under the circumstances, appellees had a right and a fiduciary duty to assert their absolute fee simple title by filing a supplemental answer in order to correct an error in the original response to appellant's interrogatories. In neither the response nor the answer did they admit or acknowledge the validity of appellant's or her predecessors' claimed interest in the lands. The correction was in no wise prejudicial to appellant, nor could she complain of any detriment in the absence of a showing by her that she relied on the original response and was thereby misled

and induced to alter her position. Both appellant and appellees had an equal opportunity to ascertain their respective rights. *Molokai Ranch* v. *Morris,* 36 Haw. 219. The doctrine is firmly established that to constitute equitable estoppel, the person invoking it must show not only that he has relied on the representation or conduct of the person to be estopped but that he has been influenced and misled by it to his detriment. 31 C.J.S., *Estoppel,* §§ 59, 67, 71; *Horner* v. *Horner,* 22 Haw. 9; *Goo Kim* v. *Holt,* 10 Haw. 653; *Kamohai* v. *Kahele,* 3 Haw. 530. Under the circumstances, this court is not persuaded by appellant's exposition of her theory of estoppel.

Appellant contends in the alternative that in any event her daughter, Alice Cox Kaina, who conveyed to her the claimed interest in the lands, had acquired it by prescription "because the appellees recognized her 1/10th interest for more than twenty years and vicariously held possession for her as a co-owner against the world and against themselves." There being no vestige of evidentiary support therefor, the foregoing predicate is untenable. If aught there was upon which she did rely, it was the erroneous Tax Office records apparently made on the basis of the unsubstantiated inventory filed by the administrator of the estate of Henry K. Kaina. There is not a shred of evidence in the case to show that appellees ever recognized or acknowledged *eo nomine* appellant's or her predecessors' ownership of the alleged 1/10th interest, or ever recognized or acknowledged that a 1/10th interest was outstanding except for the brief period between the filing of the answer to the interrogatories and the correction thereof. Appellant offered to show as evidence of some sort of possession by her or in her or her predecessors' behalf that permission was given for use by the United States Army and Hawaiian Electric Company in 1941. This evidence was not admitted. In the face of appellees' evi-

dence, such evidence would have been insufficient if admitted. The court below, therefore, correctly and properly made its finding that neither appellant nor her predecessors had acquired any title by adverse possession.

In the final analysis, appellant's case turns primarily on the issue as to whether her predecessors *ab initio* had any title whatsoever to the lands in question. In the trial of the case before the court below, the burden was upon her as plaintiff to prove her title in the first instance and not upon defendants to prove theirs. It was she who offered Kainanui's deed in evidence which, as we have seen, conveyed to Leialoha Kaleo, appellees' first predecessor, all the lands in dispute. This reduces appellant's claim to a mere cipher.

As to further claims by appellant that there were errors in the admission and rejection of certain evidence and in the taking of judicial notice of a certain former court proceeding in which the same deed was construed, we have examined the points raised and are satisfied that there was no error. We do not consider it necessary to elaborate, for in any event such evidentiary matters have no impact on the principal issue of appellant's title.

Judgment affirmed.

*W. Y. Char* for appellant.

*Frank D. Gibson, Jr.* (*Henshaw, Conroy & Hamilton*) for appellees.