**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000274
24-MAR-2025
08:13 AM
Dkt. 57 SO**

NO. CAAP-22-0000274


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LEONARD JAMES PERREIRA, MARY ANN PERREIRA AND
GLORIA PERREIRA, Plaintiffs/Counterclaim
Defendants-Appellants, v. CASSANDRA LEILANI COMER,
Defendant/Counterclaimant-Appellee,
DOES 1-10, DOE CORPORATIONS 1-10,
DOE GOVERNMENT ENTITIES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-20-0000095(1))


SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiffs/Counterclaim Defendants-Appellants **Leonard** James Perreira, **Mary Ann** Perreira, and **Gloria** Perreira (collectively the **Perreiras**) appeal from the Circuit Court of the Second Circuit's April 12, 2022 Judgement in favor of Defendant/Counterclaimant-Appellee **Cassandra** Leilani Comer.[1]

---

[1] The Honorable Kirstin M. Hamman presided.

In 2000, Irene **Brittain** deeded her 7.80-acre property (**Lot 13**) in Haʻikū, Maui, equally to four parties as tenants in common while reserving a life estate for herself:

DEED

KNOW ALL MEN BY THESE PRESENTS:

[**Granting Clause**] That *Irene Brittain*, of Makawao, Maui, Hawaii, hereinafter called the "Grantor", for good and sufficient consideration to her paid by *Sylvia A.P. Comer and Clifford F. Comer*, husband and wife, whose address is P.O. Box 224, Makawao, Maui, Hawaii 96768; *Barbara M. Wylie and E.G. Wylie*, husband and wife, whose address is 3816 Parks Drive, Power Springs, Georgia 30073; *Herman G. Perreira and Gloria Perreira*, husband and wife, whose address is P.O. Box 10432, Lahaina, Maui, Hawaii 96761; and *Allen LeRoy Vierra*, *Jr.*, married, whose address is P.O. Box 224, Makawao, Maui, Hawaii 96768, hereinafter called the "Grantees", the receipt whereof is hereby acknowledged, does hereby grant and convey unto the Grantees, as tenants in common, all that certain real property known as Lot 13 of the Gomes Subdivision, and more particularly described in Exhibit "A" annexed hereto, in the manner, and subject to the provisions hereinafter stated, being the property conveyed to the Grantor by deed dated September 17, 1993, and recorded in the Bureau of Conveyances as Document No. 93-163073. Said property is granted to the Grantees in tenancies and shares as follows:

A 1/4th undivided share to Sylvia A.P. Comer and Clifford F. Comer, as tenants by the entirety, reserving to the Grantor a life estate therein.

A 1/4th undivided share to Barbara M. Wylie and E.G. Wylie, as tenants by the entirety.

A 1/4th undivided share to Herman G. Perreira and Gloria Perreira, as tenants by the entirety.

A 1/4th undivided share to Allen LeRoy Vierra, Jr., his heirs and assigns.

AND the reversions, remainders, rents, issues and profits thereof, and all of the estate, right, title and interest of the Grantor, both at law and in equity, therein and thereto.

[**Habendum Clause**] To have and to hold the same, together with all rights, easements, privileges, improvements and appurtenances thereon and thereunto belonging or appertaining or held and enjoyed therewith, unto the said Grantees, subject as follows:

> Sylvia A.P. Comer and Clifford F. Comer, shall be <u>entitled to exclusive use, possession, and enjoyment of the northerly 2 acres of the parcel, with the improvements thereon</u>, from and after the death of the Grantor, the Grantor <u>reserving to herself for and during her life</u> the use, possession, and enjoyment of said portion of the property. <u>The other Grantees shall be entitled to exclusive use, possession, and enjoyment of the remaining portion of the property</u>.

(Some formatting altered and emphases added.)  As relevant to this appeal, the deed provided Cassandra's parents, **Sylvia** and **Clifford** Comer, "exclusive use, possession, and enjoyment of the northerly 2 acres" while providing the others "exclusive use, possession, and enjoyment of the remaining portion of the property."

Mary Ann acquired Barbara and E.G **Wylies'** 1/4 undivided share via compliance deed in 2005, and then acquired Allen LeRoy **Vierra**'s 1/4 undivided share via corrected deed in 2010.[2]  As to Clifford and Sylvia's 1/4th undivided share of Lot 13, they conveyed "the northerly two (2) acres" to Cassandra via warranty deed in 2017.  And, Gloria retained her 1/4th undivided share.  In sum, the property division was as follows:

---

[2]  By 2011, Leonard co-owned the 1/2 undivided share with Mary Ann as tenants by the entirety, but Leonard passed away in 2021.

| | |
|---|---|
| Gloria | 1/4 undivided share |
| Mary Ann | 1/2 undivided share (from the Wylies and Vierra) |
| Cassandra | 1/4 undivided share (northerly 2 acres from Clifford and Sylvia) |

In 2020, the Perreiras filed a complaint for partition. They asserted Lot 13 "cannot be economically partitioned" because Cassandra's "undivided ownership interest is too small to create a separate lot and therefore [Lot 13] should be sold by the court appointed Commissioner at public auction . . . ."

Cassandra filed an answer and counterclaim in response. In the counterclaim, Cassandra asserted "as the successor in interest" to Sylvia and Clifford, she was "entitled to the exclusive use, possession and enjoyment of the northerly 2 acres" and that Lot 13 was capable of being subdivided.

Both parties moved for partial summary judgment, with the Perreiras asking the circuit court to determine that Cassandra's ownership was limited to a 1/4th undivided interest in Lot 13, and Cassandra asking the circuit court to determine she was also "entitled to the exclusive use, possession and enjoyment of the northerly two (2) acres" and its improvements.

The circuit court denied the Perreiras' motion, granted Cassandra's motion, and entered judgment in favor of Cassandra.[3]

The Perreiras appealed, challenging the circuit court's construction of the deed.[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and vacate and remand.

We review the circuit court's grant of summary judgment de novo. Villaver v. Sylva, 145 Hawaiʻi 29, 34, 445 P.3d 701, 706 (2019).

In construing a deed, "the intention of the party or parties ascertained from a fair consideration of the language employed in the entire document must control." De Freitas v. Coke, 46 Haw. 425, 430, 380 P.2d 762, 766 (1963). "All of the provisions of a deed must be considered in order to arrive at the proper interpretation thereof." Midkiff v. Castle & Cooke, Inc., 45 Haw. 409, 415, 368 P.2d 887, 891 (1962).

---

[3] We note that the Perreiras did not appeal or contend error with the denial of their motion for partial summary judgment.

[4] "A judge deciding a summary judgment motion may not fact-find, even if the matter is set for a bench trial." State ex. rel. Shikada v. Bristol-Myers Squibb Co., 152 Hawaiʻi 418, 442, 536 P.3d 395, 419 (2023). Thus, we do not consider the circuit court's findings of fact.

Here, Brittain's deed contained two clauses - the Granting Clause and the Habendum Clause.  "The purpose of the granting clause is to define and designate the estate conveyed though a court is not limited to examining the granting clause in determining the quantity of an estate conveyed by deed." 22B Am. Jur. 2d Deeds § 236 (2025) (footnote omitted).  "A habendum clause is the part of a deed that defines the extent of interest being granted and any conditions affecting the grant[.]"  Id. (footnote omitted).

The Granting Clause "grant[ed]" and "convey[ed]" Lot 13 to the grantees as "tenants in common[.]"  The Granting Clause specifically identified the share each party was to receive (1/4) and that each share was undivided.  Finally, the Granting Clause conveyed "the reversions, remainders, rents, issues and profits" and all of Brittain's "right, title and interest[.]"  With this language in the Granting Clause, Brittain's intent to convey title in 1/4 undivided shares to each grantee as tenants in common was unambiguous and specific.

"Tenancy in common is characterized by unity of possession[.]"  2 Tiffany Real Prop. § 426 (3d ed. Rev. 2024).  "The unity of possession means the unity of right of possession and not possession in fact."  Id.

"Each cotenant has a right to enter upon, explore and possess the entire premises, and to do so without the consent of

6

his cotenants, though he may not do so to the exclusion of his cotenants to do likewise." Id. "One tenant in common has no right to exclusively possess the property against another cotenant without consent or an agreement to that effect." Id. "All cotenants are entitled to occupy the property, and that right extends to every part of the property" and "[n]either tenant in common has a right to occupy a particular part of the property to the exclusion of the other." Id.

"A cotenant in possession of the property is presumed to be holding the property for all cotenants." Id.

Contrary to some of the common law rules governing tenancies in common, the Brittain deed allocated "exclusive use, possession, and enjoyment of the northerly 2 acres of the parcel, with the improvements thereon" to Sylvia and Clifford. Also contrary to some common law rules governing tenancies in common, the Habendum Clause restricted the other grantees "use, possession, and enjoyment" of Lot 13 to the rest of the property.

Nonetheless, the Habendum Clause spoke to possession in fact, not possession as a right or the conveyance of title.

Thus, the Granting and Habendum clauses may be read in harmony as Brittain intended the grantees to own equal undivided shares as tenants in common with Sylvia and Clifford living in the house on the northerly 2 acres. See 22B Am. Jur. 2d Deeds

7

§ 197 (2025) ("Because construing an unambiguous deed entails a holistic approach, courts examine the entire instrument and seek to harmonize and give effect to all its provisions[.]").

Importantly, the Habendum Clause's allocation of possession in fact did not alter the 1/4 undivided shares Brittain conveyed in the Granting Clause. And nothing in the Habendum Clause suggested that the possession in fact of the northerly 2 acres and the house was transferable.

In other words, although Sylvia and Clifford were allowed to possess in fact the northerly 2 acres and the house, the title Brittain conveyed was to a 1/4 undivided share of Lot 13. And to the extent there was conflict between the Granting and Habendum clauses, the unambiguous and specific Granting Clause prevails. See 22B Am. Jur. 2d Deeds § 236 (explaining "the granting clause, if unambiguous and specific, will prevail over conflicting recitals").

In sum, Sylvia and Clifford could only convey what they owned - a 1/4 undivided share of Lot 13 - and, thus, could not convey the northerly 2 acres to Cassandra. Therefore, the circuit court erred in granting Cassandra's motion for summary judgment and entering judgment in her favor.

Based on the foregoing, we vacate the circuit court's (1) April 12, 2022 Judgment and (2) March 29, 2022 Order to the extent it granted Cassandra's motion for partial summary

judgment.  This case is remanded to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, March 24, 2025.

On the briefs:

Thomas R. Cole,
for Plaintiffs/Counterclaim
Defendants-Appellants.

Paul L. Horikawa,
for Defendant/
Counterclaimant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge