**J. I. POTTER et al., Appellants,**

v.

**Francis W. COLVIN et al., Appellees.**

Court of Appeals of Kentucky.

May 10, 1957.

Reed & Hines, Paducah, for appellants.

Richard R. Bryan, Charles W. Runyan, Paducah, for appellees.

MOREMEN, Judge.

This is the second phase of litigation between the parties arising out of the terms of a deed executed by appellants, Potter, to appellees, Colvin. See Potter v. Colvin, Ky., 302 S.W.2d 105.

Appellants owned and operated a restaurant and motel in McCracken County on U. S. Highway 60, about three miles west of Paducah. The restaurant was situated near the highway and the motel was located about 200 feet to the rear of it.

On January 15, 1952, appellants conveyed the motel property and surrounding land to appellees. Excepted from this conveyance was an area of land, about 150 x 322 feet, on which stood the Timbers Restaurant which appellants continued to operate. Across this restaurant area appellants granted an easement to the appellees in order that the motel might have a proper approach and exit. The deed contained this language:

> "Parties of the second part are hereby granted an easement across both the east and west entrances of the Timbers Restaurant on the property hereinabove excepted from this conveyance, for the purpose of access to and from the properties herein conveyed."

For a period of about two years after the sale, appellees used the easement—and it seems to have been well established—across the eastern and western entrances to the restaurant property and not far from the restaurant building. No objection was made by appellants to the manner of use of the easement during that time.

In October 1953, the Potters placed parking stripes on certain parts of their restaurant property and placed heavy timbers along the parking stripes. This resulted in blocking partially the corridor which led to the motel. The barriers and parking

stripes caused inconvenience to the patrons of the motel in gaining access to it from the highway and in some cases the motorists found it necessary to back up in order to make a sharp turn through the space which remained.

Appellees, the Colvins, sought an injunction restraining appellants from interfering with the use of their easement. After trial, the court established the extent and location of the easement with particularity and enjoined appellants from interfering in any way with the proper use of it. We think that he properly solved this dispute.

In Louisville & Nashville Railroad Company v. Pierce, Ky., 254 S.W.2d 943, we approved the rule set out in 17 Am.Jur., Easements, page 987, wherein it is stated:

"The rule has been established in many jurisdictions that if an easement is granted in general terms which do not fix its location, the owner of the servient estate has the right, in the first instance, to designate the location of such easement. This right, however, must be exercised in a reasonable manner with due regard to the rights of the owner of the easement. In this situation, if the owner of the servient estate does not designate the location, the person entitled to an easement may select a suitable route, taking into consideration the interest and convenience of the owner of the land over which the easement passes. If a location is not selected by either the servient or the dominant owner and they cannot agree upon a location, a court of equity has the power affirmatively and specifically to determine the location of the servitude. The reasonable convenience of both parties is of prime importance, and the court cannot act arbitrarily, but must proceed with due regard for the rights of both parties. It has been said that if not otherwise fixed, the location of an easement is determined by the practical location and use by the grantee, acquiesced in by the

grantor at the time of the grant and for a long time subsequent thereto."

For several reasons, properly deducible from the facts presented in this case, the trial court's judgment is supported by that rule. This case is quite different from one where no usage by third parties existed before the dominant estate was granted, and the parties were free to select a new right-of-way. It appears from this record, and the record in the companion case cited above, that the owners of the servient estate had generally defined the easement ultimately granted, by their own use, prior to the time of sale. But if that is not true and the owners of the servient estate (the Potters) had not designated the location, certainly the appellees, who were entitled to use the easement, had selected it and used it for a long period before any objection was made by appellants. In any event, the court has power, in case of a dispute about location, to fix the location of the servitude, and this he did affirmatively and specifically. We find no error in his judgment.

Judgment affirmed.