RENDERED:  APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1674-MR

ERIC M. KRESS AND REBECCA S.                                APPELLANTS
KRESS

                          APPEAL FROM BOYD CIRCUIT COURT
v.                    HONORABLE JOHNNY RAY HARRIS, JUDGE
                              ACTION NO. 16-CI-00683

LINDA DIXON                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Eric M. Kress and Rebecca S. Kress appeal the Boyd Circuit

Court's October 10, 2019 findings of facts, conclusions of law, and judgment

enforcing an express easement in favor of Linda Dixon across their property.  For

the following reasons, we affirm.

## BACKGROUND

This case arises from the Kresses' refusal to allow Dixon the use of an express easement to access Shelton Cemetery. Dixon is 78 years old and her family has several family members buried in Shelton Cemetery. According to Dixon, she visited the cemetery regularly since she was five or six years old and used the same road each time. She testified that the challenged easement has been in use in its current location since 1945.

The easement is recorded as a reservation in a deed from Grover Hatfield to Elmo Shelton and Lillian Shelton, found in Deed Book 196, page 396. Specifically, the deed "reserve[es] out of the above described tract of land, the family cemetery lot, consisting of one-half (1/2) acre of land, and right of ingress and egress to same for funeral purposes only, where the entrance now is." The Sheltons eventually deeded the land, with the reservation and easement, to the Grayson family, who subsequently deeded the land to the current owners, the Kress family, in 1997.

The Kresses did not interfere with the use of the easement until Mrs. Kress became ill and her family began using the driveway daily for parking. To facilitate the parking, the Kresses erected a barricade across the easement, denying Dixon and her family access. The Kresses state the cemetery was not landlocked and there are other potential routes to access it. This prompted Dixon to file an

action for judicial recognition of the easement and for a permanent injunction enjoining the Kresses and their successors from interfering with her use of the easement.

The case came before the circuit court for a final hearing without a jury on August 20, 2019. The court heard testimony from the parties, as well as multiple witnesses who use the easement to access the cemetery. However, the Kresses testified there are other ways to access the cemetery than to drive on their property. After the close of testimony, the circuit court found there was an express easement on the Kresses' property. The court noted that although there were easier access points for Dixon, the easement specifically states that the ingress and egress is "where the entrance is now" – "at the corner of East Johnson Road and Suncrest Drive across the Kress property." This appeal followed.

## APPELLATE PROCEDURE DEFICIENCIES

To begin, we note that the Kresses' brief substantially fails to comply with CR[1] 76.12. An appellant will not be heard to complain that the trial court failed to follow rules of law, unless he himself reasonably follows the rules of this Court. *See Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010); *Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 536 (Ky. 2007) (emphasizing that procedural rules "do not exist for the mere sake of form

---

[1] Kentucky Rules of Civil Procedure.

and style" and thus their "importance simply cannot be disdained or denigrated").

Dixon filed a motion to strike the brief because of these procedural errors. That motion was denied by order entered March 12, 2021. However, the Court will review the Kresses' appeal for manifest injustice only. *Hallis*, 328 S.W.3d at 698.

The Kresses present three arguments: (1) the circuit court erred by finding an express easement without consideration of convenience; (2) the easement should be at another location; and (3) Dixon did not prove any ownership interest. Significantly, the preservation statement for each of these arguments fails to satisfy CR 76.12(4)(c)(v). The technical defect is that there is no citation to the record where the preservation can be found. The substantive defect is Kresses' assertion that the arguments they present to this Court were preserved by their denial of the complaint allegations and by filing the notice of appeal. Such things necessarily exist in every appeal; if this sufficed, there would be no need for CR 76.12(4)(c)(v). Where can this Court find assurance that the circuit court was previously given the opportunity to address the Kresses' arguments? The Kresses do not tell us. That constitutes substantial noncompliance with CR 76.12.

**STANDARD OF REVIEW**

When a case is tried before the circuit court without a jury, fact-finding will not be disturbed unless clearly erroneous. CR 52.01. Notwithstanding our deference to the circuit court's fact-finding, we review its conclusions of law

- 4 -

*de novo. Hoskins v. Beatty*, 343 S.W.3d 639, 641 (Ky. App. 2011). These rules apply even when the review is for manifest injustice.

## ANALYSIS

The Kresses first argue that the circuit court "erred when it granted Ms. Dixon an easement over the Kresses' driveway without regard to the relative convenience and inconvenience of the dominant and servient estates."[2] (Appellants' brief, p. 10.) The premise of the argument is false. The circuit court did not grant an easement. The easement exists and has been lodged in the public record and has obligated the owner of the dominant estate, including the Kresses, as title passed over three quarters of a century. If the argument is that the circuit court erred by finding as fact the existence of this easement, the argument fails.

The Kresses claim alternate routes exist that are more convenient to Dixon and less burdensome to them. The circuit court did not find to the contrary. However, such facts do not compel the result the Kresses want. They seek to extinguish real property rights represented by the easement. There is no evidence in the record to justify that outcome. Certainly, the Kresses direct us to none.

What was said in *Hicks v. Johnson*, 232 Ky. 659, 24 S.W.2d 574 (1930), applies here.

> While there is evidence that the passway in question is
> over ground that is rocky and muddy, and that appellee

---

[2] Capitalized argument heading modified to lowercase for ease of reading.

- 5 -

> now has a much more convenient way to reach her premises, this fact has no bearing on the case, inasmuch as the easement is not one of mere necessity, but was acquired by deed.

*Id.* at 575. Furthermore, "[i]n order to extinguish an easement by grant, there must be some conduct on the part of the owner of the servient estate adverse to and in defiance of the easement . . . . A right of way is not extinguished by the habitual use by its owner of another way in its place . . . . The testimony, at most, only conduces to show, that [use of an alternate route is preferred] as a matter of convenience to appellant . . . ." *Johnson v. Clark*, 57 S.W. 474, 475 (Ky. 1900) (citations omitted). The Kresses' effort to counter this common law falls woefully short.

In their entire brief, the Kresses cite but three legal authorities, one of which says nothing more than that easements are not favored by the courts. *Carroll v. Meredith*, 59 S.W.3d 484, 489-90 (Ky. App. 2001). However, that case stands for the proposition that implied easements and prescriptive easements are not favored by the courts. Express easements, publicly recorded with the county clerk, are no less favored than any other express grant of an interest in real property. To the contrary, "[f]orfeiture of easements is not favored in the law . . . ." *Dukes v. Link*, 315 S.W.3d 712, 718 (Ky. App. 2010).

Within their first argument, the Kresses claim the easement is "not specific or definite and could be located anywhere on the larger tract." (Appellant's brief, p. 12.) That assertion is not supported by the record.

The circuit court found both parties to this appeal knew the general boundaries of the easement from where it began "at the corner of East Johnson Road and Suncrest Drive across the Kress property" to the cemetery. Such a finding on this record is supported by substantial evidence and, therefore, is not clearly erroneous. The law is well settled that mutual recognition of, and acquiescence in, the parameters of real property affords a conclusive presumption of their location. *See Bishop v. Brock*, 610 S.W.3d 347, 352 (Ky. App. 2020).

The Kresses also cite *Potter v. Colvin*, 303 S.W.2d 552 (Ky. 1957). This case expresses the proposition that when words of an express easement do not identify its location or route, "[t]he reasonable convenience of both parties is of prime importance, and the court . . . must proceed with due regard for the rights of both parties." *Id.* at 553. That is certainly still the law and applicable when the passway has yet to be determined in the first instance. That is not the case here.

Significantly, the Kresses take the quotation from *Potter* out of context. It is the very next sentence in that case that decides the issue in this case.

> It has been said that if not otherwise fixed, *the location of an easement is determined by the practical location and use by the grantee, acquiesced in by the grantor at the time of the grant and for a long time subsequent thereto*.

*Id.* (quoting 17 AM. JUR., *Easements*, page 987, and noting Kentucky adopted this rule in *Louisville & N.R. Co. v. Pierce*, 254 S.W.2d 943, 944 (Ky. 1953)).

The easement in question was acquiesced in by the grantor at the time of the grant, and by the grantor and successors-in-interest for a long time subsequent thereto. The circuit court's decision in this case is fully supported by *Potter v. Colvin*, the Kresses' primary authority for criticizing it.

The last case the Kresses urge us to consider is *Gabbard v. Campbell*, 296 Ky. 216, 176 S.W.2d 411 (1943). Like the instant case, *Gabbard* addressed an express easement that did not identify the location or route of the easement. *Id.* at 411. But the similarities end there.

The case is distinguishable on its facts. Unlike the instant case, in *Gabbard* "there was never any definite or agreed upon location of the reserved passway." *Id.* at 412. As just noted, the applicable rule under the facts of the instant case is better expressed in *Potter*. When Kentucky's high court applied this rule in *Potter*, it could have been describing the fact pattern in this case. The Court said:

> It appears from this record . . . that the owners of the servient estate had generally defined the easement ultimately granted, by their own use, prior to the time of sale. But if that is not true and the owners of the servient estate (the Potters) had not designated the location, certainly the appellees, who were entitled to use the easement, had selected it and used it for a long period

before any objection was made by appellants. In any event, the court has power, in case of a dispute about location, to fix the location of the servitude, and this he did affirmatively and specifically. We find no error in his judgment.

*Potter*, 303 S.W.2d at 553. As the former Court of Appeals found in *Potter*, this Court of Appeals finds no error in the judgment of the circuit court in this case.

The Kresses present two more arguments. Both lack even a single citation to legal authority. That is, the Kresses direct this Court to no legal justification for setting aside the circuit court's judgment, and we will not research the issue to find one.

## **CONCLUSION**

For the foregoing reasons, we affirm the Boyd Circuit Court's findings of fact and conclusions of law.

ALL CONCUR.


BRIEFS FOR APPELLANTS:

Tracy D. Frye
Russell, Kentucky

BRIEF FOR APPELLEE:

Luke Vincent
Ashland, Kentucky